MORGAN R. SMALLEY

*v.*

GIDEON W. SMALLEY et al.

A testator in his will provided as follows:  " I give, devise and bequeath all of my property, both real and personal, to my six children, as follows, that is to say, after the settlement and payment of all my just debts, then the residue of my estate, both real and personal, to be gathered into one general fund

and divided into six equal parts, as follows: To my six children,   \*   \*   \* each of them to receive a one-sixth share, which I give to them and to their heirs forever."—*Held*, that an implied power to sell testator's real estate was not given to the executor by this clause.

On petition.

*Mr. Charles L. Moffett*, for the petitioner.

*Messrs. Steele & Meehan*, for the defendants.

STEVENS, V. C.

The petitioner files a petition for the construction of the will of John Smalley, and prays that he, as executor, be decreed to make sale of testator's real estate. The proceeding is fatally defective in that it should be by bill and not by petition. *Receiver of State Bank* v. *First National Bank of Plainfield, 7 Stew. Eq. 457.*

Outside of this objection, however, it is clear that the executor is not only under no obligation to convert the real estate into money for the benefit of testator's children, but that he has no power to do so.

The second paragraph of the will reads as follows:

"*Second.* I give, devise and bequeath all of my property, both real and personal, to my six children, as follows, that is to say, after the settlement and payment of all my just debts, *then the residue of my estate, both real and personal, to be gathered into one general fund* and divided into six equal parts, as follows: To my six children, Susan Maria Dunham, William H. Smalley, Samuel Smalley, Morgan Smalley, Rachel Henderson and Gideon W. Smalley, each of them to receive a one-sixth share, which I give to them and to their heirs forever."

No express power of sale of testator's real estate is conferred by this clause, and I have not been able to discover that it contains any implied power.

By the direction that the residue of his estate, *both* real and personal, shall be gathered into one general fund, I understand testator to mean that, after his debts and funeral expenses are paid, the amount and value of the real and personal property

Smalley v. Smalley.    .

shall be ascertained, and, when ascertained, divided among the six children in shares of equal value.  The division is, in terms, to be a division not only of personalty but of realty, and it is to take place "after"—that is, immediately after the settlement and payment of all the just debts.  There is here no gift to the executors in trust; no direction to them to invest and ultimately pay over; no indication that the children are to take the *proceeds* of the sale of the real estate rather than the real estate itself.  On the contrary, the testator uses language technically appropriate to carry his real estate to his children *in specie*.  " I give, *devise* and bequeath all my property, *real* and personal,", is the language of the gift.  There is absolutely no indication of an intention on testator's part to put it in the power of his executors to change the nature of his property before it reaches its destination.  The fact that the testator directs his estate, after payment of debts, to be gathered into one general fund, is of no consequence, because into that so-called fund he himself puts the real estate as well as the personalty and not the proceeds of the sale of it.  The so-called fund or mass which is to be divided is a fund or mass composed of *both* realty and personalty.  So far, therefore, as the will itself is concerned, I see no ground for supposing that a power of sale by implication is given.

The testator provides, in the second codicil to his will, that whereas, since the making of it, his son Samuel had died indebted to him, therefore his will and intention is

"that all sums due me and unpaid at the time of my decease from my late son Samuel Smalley or his estate be deducted from any distributed share that his heirs would be entitled to."

If the will itself does not confer a power to sell realty, I do not think his codicil does.  The petition does not state the amount of testator's personal estate or the amount of Samuel's indebtedness to it.  Had such statement been made, it would not have been material, for any practical difficulty (supposing it to exist) in making the proper deduction, would not of itself alone raise up an inference of an implied power to convert land into money.  Says Chancellor Zabriskie, in *Seeger's Executor* v.

*Seeger, 6 C. E. Gr. 91:* "There is no authority or decision, so far as my researches have extended, which holds that in a will which contains no power or directions to sell, such power is created by implication because necessary or *convenient* to enable the executors to execute the directions of the will." The word "necessary" in this passage is, perhaps, too strong in view of what is said in *Lindley* v. *O'Reilly, 21 Vr. 646,* but it is otherwise applicable to the present case.

The testator by this codicil does not attempt to modify. the character or component parts of the "distributed share" given to Samuel's children, but only declares what shall be deducted from that share. This being so, I do not see how the codicil can produce an effect which the testator, if we are to judge by his language, never intended it should produce.