THE MAYOR AND COMMON COUNCIL OF THE CITY OF SALEM

*v.*

BOARD OF HEALTH OF THE STATE OF NEW JERSEY.

[Decided October 4th, 1909.]

1. When jurisdiction is conferred by statute upon this court without provision made for the kind of pleading by which the power of the court is to be invoked, a bill of complaint is the proper method of procedure.

2. A person or corporation aggrieved by a finding of the state board of health concerning water pollution under section 1 of the supplement to the State Sewerage Commission act of May 7th, 1907 (*P. L. 1907 p. 360*), may "appeal" to this court by bill of complaint according to the established practice of the court.

3. If a defendant submits to answer he must answer fully, and an answer that the defendant denies all of the matters set forth in a certain paragraph of the complainant's bill is insufficient. Each material allegation of fact charged must be answered not only as to the defendant's knowledge of each fact, but, if he has no knowledge, then as to his information and belief regarding it, if he has any.

4. An application to withdraw an answer represented to have been improperly and inadvertently filed, will be denied unless it be shown that the answer was filed through mistake or under a misapprehension of the defendant's rights.

On exceptions to answer, and on motion to withdraw answer and dismiss bill.

*Mr. Henry Burl Ware* and *Mr. Thomas G. Hilliard,* for the complainant.

*Mr. Nelson B. Gaskill,* assistant attorney-general, for the defendant.

WALKER, V. C.

After the coming in of an answer to the bill of complaint in this cause exceptions to the answer were filed; whereupon the defendant gave notice of an application to withdraw the answer and dismiss the bill. An examination of the pleadings therefore becomes necessary.

The answer admits the allegations in the bill to and including those in its fifth paragraph. The sixth paragraph of the bill avers that the waters of Salem and Fenwick creeks and the Delaware river from the city of Camden and south thereof for a distance of over forty miles up the river from the mouth of Salem creek are of a saline character and are not potable waters; that the city of Salem is so situate that there are no habitations upon Salem and Fenwick creeks and the Delaware river near the city of Salem, and that an excess of twenty miles of Delaware bay lies between the mouth of Salem creek and the nearest oyster beds dredged for obtaining oysters. The third paragraph of the answer avers that the defendant denies any and all of the matters set forth in the sixth paragraph of the bill.

The first exception is that the defendant has not, according to the best of its knowledge, remembrance, information and belief, set forth in the fifth paragraph of its answer a separate and detailed answer to the allegations contained in the sixth paragraph of the bill, but that the answer is evasive and not directly responsive, and does not separately and specifically deny, but merely makes a conjunctive denial of the averments concerning the saline character of the waters of the creeks and the distance on the bay, &c.

The second exception is that the defendant has not in any manner answered and set forth in the sixth paragraph of the answer whether or not the city of Chester, Pennsylvania, and the cities of Wilmington, New Castle and Delaware City, Delaware, and

many other cities and towns as well as the borough of Pennsgrove, in this state, now discharge their entire sewage into the Delaware river at points nearer to the source and head thereof than the mouth of Salem creek, and that the amount of sewage discharged in the Delaware river by the cities and towns in the States of Pennsylvania and Delaware is many times in excess of the small amount of sewage discharged into Salem creek by the complainant.

The third exception is that the defendant has not answered, set forth and discovered the evidence and proofs on which its action or resolution adopted January 19th, 1909, relative to the disposition of the sewage of Salem, was based or taken. In this connection it should be remarked that there is no prayer for discovery in the bill of complaint.

The fourth exception is that the defendant has not answered and set forth any proofs, evidence or reason showing that the discharge of its sewage by complainant into the Salem creek is a pollution of the waters of this state in such manner as to cause or threaten injury to any of the inhabitants of this state either in health, comfort or property.

The fifth exception is that the defendant has not answered and set forth whether or not the proposed or other disposition by the complainant as directed by the notice served on it by the defendant, of its sewage and other polluting matter, will entirely destroy any benefit to the complainant of its present sewerage system, and that the injury to the complainant thereby would be irreparable, and would remove from the complainant all the value of its present sewerage system.

The sixth exception is that because the complainant appeals from the order or resolution of the defendant to this court, according to the statute in such case made and provided, the defendant has not answered and shown and set forth all actions and proceedings had and taken by it together with its proofs and other evidence under and on which it caused the notice to be served on the complainant as set forth in said bill.

It should be remarked that the complainant alleges that the statute under which the defendant has acted in this matter does not accord with the provisions of the constitution and conflicts

therewith, and is therefore void and of no effect, being in violation of the fourth and eleventh clauses or paragraphs of section 7, article 4, of the constitution.

The defendant presses an application to withdraw the answer and dismiss the bill—*first,* because the method of review of the order of the board of health of the State of New Jersey is by *appeal* to this court, pursuant to the provisions of section 1, chapter 135, of the laws of 1907, and not by bill of complaint; *second,* because if the act of the legislature approved May 7th, 1907, the title of which is recited in the complainant's bill, is not in accordance with the provisions of the constitution of this state, but in conflict therewith, then the remedy of the complainant is not in equity, but by *certiorari,* as the board of health, if the act be unconstitutional, would not have jurisdiction to make the order of which complaint is made; *third,* because if the Sewerage act of 1900, and the acts amendatory thereof and supplementary thereto, are special legislation and in violation of the fourth and eleventh paragraphs of section 7, article 4, of the constitution, then the remedy of the complainant is not in equity but by *certiorari,* for the reason last mentioned; *fourth,* because the answer of the defendant was improperly and inadvertently filed and should be withdrawn until disposition is made of the matters set forth in the first, second and third reasons above stated.

The action of the state board of health, which has precipitated the controversy in this suit, arises out of the service of a notice of which the following is a copy:

"BOARD OF HEALTH OF THE STATE OF NEW JERSEY.

"Pursuant to Chapter 72 of the laws of 1900, and the supplements and amendments thereto, notice is hereby given by the Board of Health of the State of New Jersey to His Honor the Mayor of Salem, for the City of Salem, New Jersey, that prior to the first day of September, nineteen hundred and thirteen, the City of Salem must cease to pollute the waters of the Delaware river and its tributaries and make such other disposition of its sewage or other polluting matter as shall be approved by the Board of Health of the State of New Jersey.

"L. S. By order of the Board of Health of the State of New Jersey in pursuance of a resolution adopted the nineteenth day of January, 1909.

"JOHN H. CAPSTICK,<br>*President*

"BRUCE S. KEATOR,
"*Secretary.*"

This notice was given under the authority of section 1 of the supplement of May 7th, 1907 (*P. L. 1907 p. 360*), to the State Sewerage Commission act. It provides that the state sewerage commission is authorized and empowered to inspect any of the waters of this state, and if it finds that any of them are being polluted in such manner as to cause or threaten injury to any of the inhabitants of the state, either in health, comfort or property, it shall be its duty to notify, in writing, any person, municipality or private corporation found to be polluting said waters, that prior to a time to be fixed by the commission, said person or corporation must cease to pollute said waters and make such other disposition of the sewage or other polluting matter as shall be approved by said commission. The section then proceeds to provide that any person or corporation aggrieved by any such finding may appeal therefrom to the court of chancery at any time within three months after being notified thereof, the court being empowered to hear and determine the appeal in a summary manner, according to its course and practice in other cases, and thereupon to affirm, reverse or modify the finding of said commission in such manner as it may deem just and reasonable. The state sewerage commission was superseded by act of April 16th, 1908 (*P. L. 1908 p. 605*), and all its powers and duties were vested in the board of health of the State of New Jersey, the defendant. Hence the above notice emanated from that authority.

A fundamental condition prerequisite to giving to a person or corporation notice to cease polluting any of the waters of this state is a finding that such waters are being polluted in such manner as to cause or threaten injury to any of the inhabitants of this state, either in health, comfort or property. Upon such a finding it is made the duty of the board of health to give the notice. It does not appear by the notice given in this case that any finding was first made by the board of health to the effect that the city of Salem was polluting the waters of the Delaware river and its tributaries, and, consequently, so far as the notice on its face is concerned, no valid demand appears to be made upon Salem to make "such other" (not before having said what) disposition of its sewage or other polluting matter as shall be

approved of by the state board of health.   However, the complainant does not make the point that the notice is defective in form or substance, but, assuming that it requires the city of Salem to cease sewering into Salem creek, it proceeds to aver that such discharge of its sewage is not, and cannot be, a pollution of the waters of this state, because those waters at and about the place in question are saline and not potable, and because certain cities of Pennsylvania and Delaware, besides the borough of Pennsgrove, in this state, are discharging sewage into the Delaware river at points above the mouth of Salem creek, and that the amounts discharged by those cities are many times in excess of the small amount discharged into Salem creek by the complainant, the inference being, I presume, that the pollution, if any, from Salem is inappreciable and indeterminate.   It is to be observed that under the act of the legislature in question the potability of waters is not made the test, so that the pollution can be as well of salt as of fresh water, and yet it would seem that the character of the water, whether potable or not, is material on the question of injury to health at least.

Were it not for the saving clause in the supplement of 1907 giving to any person or corporation aggrieved an appeal to this court from the finding of the sewerage commission (now state board of health), the question whether the discharge of sewage by such person or corporation into any of the waters of this state, polluted such waters or not would be an immaterial inquiry, for, in such case, the judgment of the sewerage commission would be all sufficient, in my opinion, under the authority of *State Board of Health* v. *Diamond Mills Paper Co., 63 N. J. Eq. (18 Dick.) 111.*   In that case Vice-Chancellor Stevens based his judgment largely upon the reasoning of Sir George Jessel, master of the rolls, in *Attorney-General* v. *Cockermouth Local Board, L. R. 18 Eq. Cas. 172,* in which that judge remarked: "This is an information by the attorney-general against a public body to enforce the terms of a public act of parliament.   Now, if I understand the law upon this subject, it is not necessary for the attorney-general to show any injury at all.   The legislature is of the opinion that certain acts will produce injury and that is enough."

Vice-Chancellor Stevens, in *State Board* v. *Diamond Mills*, was dealing with another act of the legislature, the potable water act. That act made the deposit of deleterious matter which would corrupt or impair, or tend to corrupt or impair, the qualities of the waters of any river, &c., unlawful, and it was held that it could not be shown in defence that the waters at a given point were not polluted by such matter.

The provisions in that regard of the act now under consideration are quite different, for in that act it is provided that if any of the waters of this state are being polluted in such manner as to cause or threaten injury to any of the inhabitants the sewerage commission shall act, and from that action an appeal shall lie to this court, which may affirm, reverse or modify the finding of the commission in such way as may be deemed just and reasonable. This can mean nothing else than that the court shall review the judgment of the commission.

Now, the city of Salem, the municipal corporation which received the notice complained of, appeals to this court from the action of the state board of health. The form in which the appeal is couched will be considered later.

By its bill, in which it says it "hereby appeals from said order or resolution (of the state board) to this honorable court, according to the statute in such case made and provided," it sets forth and avers that the discharge of its sewage into Salem creek is not, and cannot be, a pollution of the waters of this state in such manner as to cause or threaten injury to any of its inhabitants, either in health, comfort or property. Thus a question of fact, within the terms and words of the statute, is raised by the appeal.

The law upon the subject of the exceptions to the answer will be found in the opinion of Vice-Chancellor Stevens, in *Thompson* v. *North, 67 N. J. Eq. (1 Robb.) 278.*

The first exception must be sustained. The defendant must answer fully. A general denial will not suffice.

The second exception must be overruled. It avers that the defendant has not set forth in paragraph 6 of the answer whether or not certain municipalities now discharge their entire sewage into the Delaware river at points nearer its source than the

mouth of Salem creek, &c. Paragraph 6 of the answer goes to paragraph 8 of the bill, which makes no allegations concerning the matters pointed out in the exception. An exception must accurately point out the objectionable matter. *Dick. Ch. Pr.* (*2d ed.*) *121 note b,* and cases cited.

The third exception is overruled. It is that the defendant has not, in its answer, set forth and discovered the evidence and proofs on which its determination relative to the disposition of Salem's sewage was based. A defendant, as I understand it, cannot be called upon to set forth and discover his evidence, but only facts concerning which evidence may be given.

The fourth exception must be overruled for the reason last stated.

The fifth exception must be overruled. It is that the defendant has not answered and set forth whether or not disposition by the complainant of sewage as directed in the notice will entirely destroy the benefit and value of the complainant's present sewerage system. Whether or not the proposed action by the state board of health will result as suggested is an immaterial and irrelevant fact, and the defendant is not called upon to answer any but relevant and material facts.

The sixth exception is overruled for the same reason given for overruling the third exception.

The defendant's application to withdraw the answer will be overruled. If a defendant alleges that an answer was filed improvidently, and through mistake, and under a misapprehension of his rights, the court may grant leave to withdraw the answer upon terms. *Williams* v. *Carle, 10 N. J. Eq.* (*2 Stock.*) *543, 546.* It was represented that the answer under consideration was improperly and inadvertently filed, but it was not shown that it was filed by mistake or under a misapprehension of the defendant's rights. The parties must go to hearing on the pleadings as they stand, save that the defendant will be obliged to answer over in respect to the exception sustained.

Nevertheless, in disposing of the matter, I desire to make an expression upon the method adopted by the complainant to bring before the court for review the action of the defendant. In other words to express an opinion upon the proper form of an

appeal in such a case as this. As already remarked, the act of the legislature, under which the defendant is proceeding, makes provision that an appeal shall lie to this court, and the defendant insists that the complainant's remedy is by "appeal" and not by bill. The form in which the appeal may be couched is neither provided by statute nor rule of court.

A suit in equity is ordinarily commenced by filing a petition, which, when preferred by a citizen, is called a bill, and when by the attorney-general to vindicate a public right, is called an information. Many statutes point out the particular mode by which relief thereunder is to be sought from the court, and when so pointed out that method must be followed. *Dan. Ch. Pl. & Pr. 1 et seq.* The numerous instances in which the legislature of this state has made provision that suits in this court may be commenced by petition, such as in divorce, insolvent corporations, sale of land, &c., indicate that in the absence of such statutory regulation the proper mode of commencing those proceedings is by bill. But the defendant's insistment is not that this appeal should be taken by petition instead of bill, but simply by "appeal," whatever that may exactly mean. How could an answer to the "appeal" be compelled? It can be compelled by *subpœna ad respondendum* issued on a bill filed, and I hold that an appeal in the form of an original bill is appropriate in these cases.

The defendant seeks to compel the complainant to cease sewering into Salem creek and to make such other disposition of its sewage as shall be approved by the state board of health prior to September 1st, 1913, and the complainant in its bill prays that the order or resolution of the defendant may be reversed, set aside and for nothing holden, and that the defendant may · be enjoined and restrained from carrying into effect the provisions of its resolution and from interfering with or in any way molesting the complainant in the enjoyment of its present sewerage system. If the determination of this suit should result in a reversal of the state board's finding and resolution, that of itself would doubtless prevent further action on its part under its resolution and notice, but the issuance of an injunction would not be inappropriate, and it may be that jurisdiction by appeal

in these cases was given to this court because of the appropriateness of its remedial process. See *State Board of Health* v. *Diamond Mills Paper Co., ubi supra* (at *p. 115*).

The other reasons urged in the notice of application to withdraw the answer, namely, that if the act under which the proceedings of the state board of health were taken is unconstitutional, the complainant's remedy is by *certiorari,* and not by bill in equity, will be considered on the hearing of the cause, for a motion to dismiss the bill because the remedy is at law may be granted on final hearing, even though no demurrer be filed. *Hoagland* v. *Supreme Council, 70 N. J. Eq. (4 Robb.) 607, 610.* And the court may, of its own motion, dismiss the bill, upon the ground that the complainant has an adequate remedy at law. *Varrick* v. *Hilt, 66 N. J. Eq. (21 Dick.) 442.*