In the matter of the construction and declaration of rights under the will of GUISEPPE UNGARO.

[Decided October 16th, 1917.]

1. It is irregular for a party's solicitor of record or counsel to take his affidavit to be used in a judicial proceeding; but this rule is one of judicial policy and may be waived by the court.

2. A bill or petition does not require verification unless the party complainant desires some *ex parte* relief upon it, such as a restraining order or the like.

3. Formerly, a *petition* for the construction of a will would not lie, but now by the Chancery act (*P. L. 1915 p. 184 § 5*) it is provided that no proceeding shall be dismissed on the ground that it was erroneously begun by petition instead of bill, but in such case the court may order proper amendments to be made.

4. Persons, who by the construction of a will would be affected by the court's determination, are necessary parties to a bill for the will's construction, for without their presence before the court the construction would be a mere academic deliverance so far as they were concerned and would not be binding upon them.

5. Formerly, a suit would not lie for the construction of a will without seeking equitable relief in the premises, the rule being that the court would only interpret the provisions of a will as an incident in the granting of relief, but now by Chancery act (*P. L. 1915 p. 184 § 9*) it is provided that any person claiming a right cognizable in a court of equity under a will or other instrument, may apply for the construction thereof so far as the same affects such right, and for a declaration of the rights of the persons interested.—*Held*, this statute is not declaratory, but remedial, and was meant to extend the remedy of construction to cases where there exists no present right to relief resulting from construction.

6. What the legislature meant by a "right cognizable in a court of equity," was a right over which, in and of itself, the court has jurisdiction, and it was intended that the jurisdiction should be exercisable where the right was present, although an accompanying circumstance, the presence of which theretofore alone permitted the right to be declared, was absent.

On petition.

*Mr. Ferdinand D. Masucci,* for the petitioner.

WALKER, CHANCELLOR.

A petition entitled as above has been filed, and counsel for petitioner moves for an order of reference of the matter to a vice-chancellor for hearing. The petition is sworn to, the affidavit having been taken before the petitioner's solicitor of record, which is irregular.

The petition avers that Guiseppe Ungaro died seized of certain real estate in Newark, having made a will which has been probated by the surrogate of Essex, in which he devised to his daughter, Isabella Prisco, the petitioner, and to her heirs and assigns forever all the rest, residue and remainder of his estate, real and personal; and that by his will the testator ordered and directed that the devisee (petitioner) should at her own proper costs and expenses, provide for, maintain and support her two brothers, Frank and Anthony, during the period of their natural lives; and the petition further avers that under and by virtue of the will the petitioner has become seized in fee-simple of the land mentioned, but that this contention has been questioned, meaning, doubtless, that her brothers claim that their support, ordered put upon the petitioner by the will, is thereby charged upon the real estate devised to her.

The proceeding before me is irregular throughout.

In the first place, it is irregular for the solicitor of record of the petitioner to take her affidavit. In *Den* v. *Geiger, 9 N. J. Law 225*, an affidavit offered to be read on a rule to show cause was objected to because it had been taken before one of the counsel in the cause and it was rejected. See, also, *State* v. *Bergen, 24 N. J. Law 548, 550*. But this rule is one of judicial policy and may be waived by the court. *State* v. *Bergen, supra.*

The affidavit to this petition will be treated as a nullity, as the petition is a pleading that does not require verification. It is in effect a bill of complaint. And a bill does not require verification unless the complainant desires some *ex parte* relief upon it, such as a restraining order or the like. And a petition, which is usually preferred to the court in a pending cause after the filing of the bill, is in the same category.

In *Smalley* v. *Smalley, 54 N. J. Eq. 591*, a petition was filed for the construction of a will and Vice-Chancellor Stevens said

the proceeding was fatally defective because not commenced by bill.

Although, as already remarked, the petition in this matter is in the nature of a bill, still, it is not one, and were it not for the Chancery act (*P. L. 1915 p. 184 § 5*), which provides that no proceeding shall be dismissed on the ground that it was erroneously begun by petition instead of bill, but in such case the court may order proper amendments to be made, the petition would have to be dismissed. It is radically defective in substance and will have to be amended, or it may be dismissed, to the end that a proper suit may be commenced by bill, as petitioner may elect.

The suit attempted to be begun by this petition would not lie prior to the passage of the Chancery act (1915). The attempt here made is to get a construction of Guiseppe Ungaro's will without seeking any equitable relief in the premises. It appears that formerly this court would never entertain a suit brought solely for the purpose of interpreting the provisions of a will without any further relief being sought; and this because interpretation was an incident in the granting of relief. *Hoagland* v. *Cooper*, 65 N. J. Eq. 407. See, also, *Bevans* v. *Bevans*, 69 N. J. Eq. 1; *Morris* v. *De Bel*, 71 N. J. Eq. 43, 44; *Goetz* v. *Sickel*, 71 N. J. Eq. 317; *Gillen* v. *Hadley*, 72 N. J. Eq. 512; *Kellogg* v. *Burnett*, 74 N. J. Eq. 304; *Nagle* v. *Conard*, 79 N. J. Eq. 125; *Shreve* v. *Wilkins*, 82 N. J. Eq. 18; *Northrup* v. *Ackerman*, 84 N. J. Eq. 117; *Du Bois* v. *Waterman*, 84 N. J. Eq. 341; *Hoe* v. *Hoe*, 84 N. J. Eq. 401; *Tyndale* v. *McLaughlin*, 84 N. J. Eq. 652.

In *Hoe* v. *Hoe, supra*, Vice-Chancellor Backes said that the trustees before him did not present a case that entitled them to the guidance of the court in the administration of their trust estate, but that they simply asked to be informed whether a devisee owned the property devised absolutely or for life only. So, in the matter at bar, the petitioner appears to desire to be informed whether the land devised to her by her father is subject to a charge in favor of her brothers. Prior to the Chancery act (1915) she could not bring any such suit—not even if she charged her brothers as parties defendant and thus afforded them

an opportunity to be heard, which she has not done, and without doing which she could not in any case obtain a decree which could be enforced against them. Persons who by construction of a will may become legatees thereunder should be made parties to a bill for the will's construction. *Waker* v. *Booraem,* 68 N. J. *Eq.* 345. The construction of a will without the presence before the court of parties to be affected by the construction would be a mere academic deliverance—a sort of moot court opinion.

We come now to the crucial point in the case. The question is, Will this proceeding lie in any form? As already remarked, it would not have lain prior to the Chancery act (1915), and the question is, Will it lie under that act? I think it will.

In section 9 of that act (*P. L. p. 184*) it is provided that any person claiming a right cognizable in a court of equity under a will or other instrument may apply for a construction thereof, so far as the same affects such right, and for a declaration of the rights of the persons interested.

At first blush it might seem that the words "cognizable in a court of equity" were intended to limit the court to construction of an instrument in the class of cases in which the jurisdiction of the court was then asserted, which, in the case of a will, would only be to construe it incidentally to affording some relief between the parties. If this be the meaning of the act it would be merely a declaratory statute. But there was no reason for passing a declaratory act on the subject, there being no doubt about the jurisdiction or its limitations.

In *1 Bl. Com. 86*, it is laid down:

"Statutes also are either *declaratory* of the common law, or *remedial* of some defects therein. Declaratory, where the old custom of the kingdom is almost fallen into disuse, or become disputable; in which case the parliament has thought proper, *in perpetum rei testimonium*, and for avoiding all doubts and difficulties, to declare what the common law is and ever hath been."

Instead of being declaratory I think the statute in question was meant to be remedial—that is, to extend the remedy of construction to cases where there exists no present right to relief resulting from construction. The fact that so many cases have been brought for construction where no relief was available and

the suitors were turned away, seems to indicate a situation where construction without relief was a right much desired and one which might be extended with propriety. And the legislature seems to have taken this view. Moreover, that statute provides in its first section that the act shall be liberally construed, which, of course, means to advance the remedies given in and by it.

What the legislature meant by "a right cognizable in a court of equity" was, in my judgment, a right over which, in and of itself, this court has jurisdiction, and it was intended that the jurisdiction should be exercisable where the right was present, although an accompanying circumstance the presence of which theretofore alone permitted the right to be declared, was absent. In other words, I think the act was passed to enable this court to do the very thing which the petitioner is seeking to do, but cannot do in this proceeding, as above pointed out.

The petitioner may elect to file an amended petition, charging specifically the claim her brothers make with reference to her estate as legatee and devisee, making the brothers defendants and praying for the specific construction of the will and declaration of rights she is advised she is entitled to have made by the court; or the pending petition may be dismissed without prejudice to the filing of a bill for the relief sought.