The commissioner of banking and insurance has taken possession of the assets of the above named insurance company, and petitions the court for advice and instructions on certain questions, as to certain powers and duties in his administration of the affairs of that company and the interpretation of certain provisions of the fifty-sixth section of the General Insurance act. P.L. 1902ch. 134, as amended P.L. 1931 ch. 244 p. 599.
In the view of the commisioner, that statute contemplates *Page 484 
that he shall have the assistance and supervision and protection and advice of this court in his administration of the affairs of an insurance company taken over by him. Such view would certainly seem to be warranted, in a general way, by a reading of the statute — and indeed there is an express provision therein that he "may in his discretion apply to the court of chancery for instructions or directions" concerning certain things.
The statute, however, certainly does not, either in express terms or by necessary implication, seek to impose upon this court the duty of giving to the commissioner an advisory opinion upon any matter. That is the province and duty of the attorney-general — to whose assistance in this behalf the commissioner is presumably entitled.
Whether the legislature, if it did seek to do so, could validly impose upon this court the duties of the attorney-general, may perhaps well be doubted, though it needs not determination at this time.
In In re Judges in Chancery, 101 N.J. Eq. 9, the chancellor, expressing the unanimous view of all of the judges of this court, sets forth not merely the absence of duty to give advisory opinions, but the impropriety of so doing, in general.
It is true, as that opinion mentions, that a receiver appointed by this court, is entitled to ask advice and instructions from the court, and may in some cases do so ex parte and perhaps without all the formalities usually required. See, also, Tuttle
v. State Mutual Liability Insurance Co., 2 N.J. Mis. R. 973 (atp. 974). It may well be that the same is true as to a trustee appointed by this court — and possibly also as to a trustee of a trust over which this court has acquired particular jurisdiction.
But in the instant case the petitioner is not an officer appointed by this court; and although he is of course a trustee as to the assets of which he has taken possession, the trust is not one over which this court has acquired particular jurisdiction, either previously or by the present proceeding.
It is therefore deemed improper, in view of the authorities cited, to attempt to give any opinion as prayed by the petition, *Page 485 
under the present circumstances, nor unless and until the trust shall be by appropriate proceeding established in this court. It is obvious that such an opinion, if given, would be no real protection to the commissioner: it would be binding on no one, since none of the interested parties other than the commissioner is before the court.
That such a course must be taken before there can be any distribution made by the commissioner is quite evident from the provisions of the statute which direct him to hold the proceeds of liquidation and "under the direction of the court of chancery, dispose of the same." There appears no reason why such a course should not be taken by the commissioner immediately upon his taking possession of the assets of any such company; on the contrary there are a number of reasons which might well lead to the conclusion of the propriety and advisability of his so doing.
For one thing it would give the commissioner, at once, the benefit and protection of the supervision and advice of the court, in all matters involving his administration thereof, as well prior to distribution as at the distribution period.
For another thing — the statute omits any provision barring creditors or claimants after the expiration of any fixed time for the presentation of claims. This omission might be supplied by the court, in the exercise of its general jurisdiction and authority over the administration of trusts. The practical necessity therefor is obvious.
Another omission which would likewise be supplied, is that of any provision for the classification of claims, or the determination of preferences or priorities. Still another is that of a provision for limitation of the time for objections to the allowance of claims.
Again — although it would seem from the statute that the legislature intended to terminate, at the instant the commissioner takes possession. the opportunity of claimants to obtain prior rights in the company's assets, it is at least doubtful that such result is actually affected by the terms of the act. The language does not expressly so provide — nor does the provision that "judgments, decrees, levies and executions" *Page 486 
be stayed, strictly stay proceeding in suits to judgment or decree.
The statute gives the right to any company whose assets are taken over, to apply to the court of chancery "at any time" to enjoin further proceedings, c. The establishment of the trust in this court at the very beginning would provide the opportunity of determining and concluding, in the very beginning, the right and the duty of the commissioner to take possession — if that right were challenged or in doubt.
It is not necessary to go further — nor indeed would it be possible to assume that a complete and exhaustive review of the provisions of the statute and the possibilities which might arise thereunder could ever be made at any one time.
Neither is it necessary to say that the views herein set forth are intended only by way of suggestion, in the endeavor to give such assistance as this court may give, in a matter which is of particular public importance in these days of economic and financial stress. The legislation is new and must necessarily be developed and perfected by experience.
It may not be amiss to call attention to a situation which may well arise and be of importance, which seems not to have been covered by the statute. Subsection "A" thereof deals with the contingency where the commissioner takes possession; subsection "B" deals with the contingency where the commissioner shall refuse to take possession; no provision is made for the possible contingency that the commissioner, while not refusing, might delay or fail to take possession (although possibly such delay or default might be deemed a refusal); nor is any provision made for the possibility that the commissioner might take possession and it thereafter appear desirable from the standpoint of the commisioner and of all parties interested, that a receiver be appointed to liquidate and administer in lieu of the commissioner — this latter situation, as the court is informed, has in fact already arisen.
In none but the second of the four contingencies named, does the statute authorize the appointment of a receiver. The jurisdiction and authority of this court to decree insolvency *Page 487 
and appoint a liquidating receiver is statutory. It would seem at the very least doubtful that this court would have jurisdiction and authority to appoint such a receiver in either of the last two contingencies mentioned — under the existing legislation.
It is true that section 57 of the Insurance act purports in general to make applicable to insurance companies the provisions of the General Corporation act, "except so far as they may be inconsistent with the provisions of this act." In view of the express and detailed provisions of section 56, it would seem that the provisions of section 65 of the General Corporation act are "inconsistent" therewith, and could not be invoked in the circumstances suggested.