This proceeding is a petition by the commissioner of banking and insurance, setting forth that the bank was taken over by Frank H. Smith, commissioner of banking and insurance; that Mr. Smith was succeeded by Mr. Kelly as commissioner; that services were performed and disbursements made by employes of each commissioner, and counsel were employed by each commissioner; the counsel fees have *Page 247 
been requested and have been allowed and approved by both commissioners; and a summary of disbursements is attached; and praying an order under the statute of 1931 (P.L. 1931 p. 650 — at p. 652) approving the fixing of counsel fees and compensation to other employes and expenses of administration and liquidation.
On this petition an order to show cause was made directed to the bank (by way of notice required by the statute). This order to show cause was served on the bank and was also published twice in a newspaper in the county wherein the closed bank was located.
On the return day of the order to show cause no one appeared on behalf of the bank or anyone else; and the solicitor for the commissioner asks an order of approval.
The legislation is new and in some respects imperfect. See Inre Washington Casualty Insurance Co., 109 N.J. Eq. 483, andSmith v. Washington Casualty Insurance Co., 110 N.J. Eq. 122.
This court of course has general jurisdiction over trusts. The administration of the closed bank is a trust; the commissioner is a trustee (Smith v. Washington Casualty Insurance Co.,supra), just as in the case of a closed insurance company. The provisions of the statutes in respect to the liquidation of banks, insurance companies, and trust companies, are practically identical. P.L. 1931 p. 599; P.L. 1931 p. 641.
The statute, however, does not specify the procedure to be taken in order to bring the administration of the trust involved in the liquidation of any particular one of such companies, within the jurisdiction of this court; and neither has such procedure been as yet completely worked out by the court.
In one or two of the early cases immediately following the passage of the legislation orders of approval were granted, on applications similar to the present one, on notice only to the closed bank or insurance company; but on further consideration it was felt that this procedure should not be continued. It was deemed that the legislature did not intend *Page 248 
to constitute this court a mere statutory agency to pass on the allowances fixed by the comptroller, but what the legislature did have in mind was a general trust supervision akin to the situation in the liquidation of insolvent corporations under the General Corporation act; therefore in the next application which was made in this way, Vice-Chancellor Backes declined to entertain it or to make any order therein. Later followed the cases of Washington Casualty Insurance Company, supra, andSmith v. Washington Casualty Insurance Company, supra.
The situation would seem to be essentially similar to that of a testamentary executor, administrator or trustee who files his report and account with the court and asks approval and confirmation of his transactions and allowances for services and disbursements. In such a proceeding the report and account are before the court, and all interested parties are brought in and given an opportunity to be heard. In the instant case the commissioner has filed no report or account in this court; and no one but the closed bank itself has been brought before the court. The actual parties interested, of course, are the several creditors and stockholders of the closed bank. Although the order to show cause against the closed bank was, in the present case, published in the newspaper, the order to show cause was not directed to the creditors or stockholders and there was nothing in the order or in the published notice to indicate to any creditors or stockholders that they could or should appear on the return day.
Without the commissioner's report and account, the court is without proper jurisdiction over the subject-matter of the trust; without the creditors and stockholders being brought in, the court is without proper jurisdiction over the parties interested.
It is probably true (although it does not so appear by the petition) that the interested parties — the creditors and stockholders — are too numerous to make it practical or advisable to bring them all in. Nevertheless they can be brought in by class representation as is frequently done in such cases. A *Page 249 
number of the largest creditors can be made defendants, individually and as representing the class of creditors generally (or if there are several different classes of creditors, representatives of each of these classes can be made defendants); likewise as to the stockholders.
An order to show cause can then be made directed to all of the creditors and to all of the stockholders generally, with provision for service either personally or by mail upon those individuals who are actually made defendants; and the provision for publication.
It is deemed therefore that the petition should be amended in accordance with the foregoing views; that the report and account of the commissioner should be filed in this court contemporaneously with the amended petition; and an order to show cause taken as above mentioned.