In the matter of the trust created by the liquidation and dissolution of the LAWYERS AND HOME-MAKERS BUILDING AND LOAN ASSOCIATION OF THE CITY OF NEWARK.

[Decided August 21st, 1940.]

*Mr. Israel B. Greene,* for the petitioners.

*Messrs. Braelow & Tepper,* for the cross-petitioners.

*Mr. David T. Wilentz,* attorney-general (*Mr. Louis J. Cohen* appearing), for the Commissioner of Banking and Insurance.

STEIN, V. C.

The petitioners are directors of Lawyers and Home-Makers Building and Loan Association of Newark, a building and loan association which has assigned or conveyed a substantial part of its assets, thereby converting itself into a liquidating corporation pursuant to the provisions of *R. S. 17:12-115,* as amended by *P. L. 1939, ch. 127.* An answer admitting the material facts of the petition and a cross-petition praying for injunctive relief was filed by Louis Abrams and Gaston J. Prival, shareholders, to which the petitioning directors and trustees filed answer.

On April 24th, 1940, petitioners voted a first liquidating dividend of fifty per cent. to all shareholders and now seek the advice and instructions of the court "as to the proper method of computing said first liquidating dividend, and all future dividends; whether advances previously made on account of withdrawals or 'necessitous case' payments should

be charged against such first liquidating dividend and future liquidating dividends * * *."

The research of counsel and of the court has been unable to furnish any precedent or even close analogy to the problem presented by the petition filed herein. Equity is not foreclosed from acting however simply because of lack of precedent. The concepts of the law of trusts, it has been noted, are simple and easily understood. "They are based not on technique but on broad human principles of conduct. * * * The law of trusts is living law." *Scott on Trusts 2604.* The matters presented by this petition must therefore be considered in light of the fact that the law of trusts is still to be developed and new concepts are still to be evolved as new problems are presented for judicial solution.

Since 1932 at least the Commissioner of Banking and Insurance and the legislature have sought various means of solving the peculiar problems presented by building and loan associations. The importance of these institutions in the financial structure of this state has frequently been recognized by our courts. *Bucsi* v. *Longworth Building and Loan Association, 119 N. J. Law 120; 194 Atl. Rep. 857; Rocker* v. *Cardinal Building and Loan Association, 119 N. J. Law 134; 194 Atl. Rep. 865,* and only recently by the Supreme Court of the United States, *Veix* v. *Sixth Ward Building and Loan Association of Newark, 60 Supreme Court 792; 84 L. Ed. 685* (reviewing and affirming *Veix* v. *Sixth Ward Building and Loan Association of Newark, 123 N. J. Law 356; 8 Atl. Rep. (2d) 350*). In 1939 the legislature adopted a statute permitting the conversion of a going building and loan association into a "liquidating corporation" by, among other things, the bulk transfer, sale or exchange of all or part of the assets of the association. *R. S. 17:12-115.* The Lawyers and Home-Makers Building and Loan Association (referred to hereinafter as "The Association"), whose directors are the petitioners herein, took the steps necessary to constitute itself a liquidating corporation under this statute and has since functioned for the purposes of liquidation. These steps outlined by the statute and taken by the association include the calling of a meeting of the directors of the

association for the purpose of voting for a sale of assets in bulk and submitting the plan to the members of the association at a meeting called for the purpose. A vote was then taken of the members and an overwhelming majority decided in favor of the plan of liquidation. The association then made its certificate certifying that it was now constituted a liquidating corporation, it was approved by the commissioner and filed in the office of the Department of Banking and Insurance. The board of directors of the liquidating corporation have filed a petition in this court asserting that the statute is inadequate as a guide for liquidation and they have petitioned this court for instructions with respect to certain problems which have arisen in the course thereof and which are not considered or solved by the statute. In the absence of statutory warrant the board feels itself powerless to act and an examination of the statute confirms the dilemma of the directors. In this new and troublesome field the statute gives not an iota of guidance.

The statute is certainly an anomaly in the field of corporate legislation and it is no less so because it deals with building and loan associations which are in themselves *sui generis*. Upon the concurrence of certain events set forth in the statute, the association "shall thereupon, without further act of its members, directors, or officers, be constituted a liquidating corporation within the meaning and purpose of paragraph 'e' of section 17:12-107" *et seq*. The association proceeds under its old building and loan charter but the statute completely prevents it from functioning except for the purpose of liquidation. No new body corporate is created but the directors of the association must liquidate with no chart but their own judgment and it is therefore not strange that they should apply to this court. There are many problems capable of solution only by judicial intervention.

The use of analogy will perhaps offer precedent. The association, like a corporation, functions under a charter and is operated in the ordinary administration of its affairs by a board of directors elected by vote of the shareholders. In this and many other respects the scheme of the Building and Loan act is similar to the General Corporation act. Under

the latter statute the directors of a corporation in dissolution are termed "trustees" and their sole function, like the directors of the "Liquidating Corporation" now before the court, is to liquidate and distribute the assets to creditors and stockholders. Under both statutes shareholders vote for a similar purpose. In one the effect is termed "dissolution" but in fact is liquidation; in the other the shareholders vote for "liquidation" but dissolution follows. While the legislature has not used the technical term "dissolution" in the particular provision of the Building and Loan statute now before the court, the effect of that provision is to terminate the existing corporate structure at least for normal operating purposes, and it was intended that the association which took advantage of the provision of the act would be forever disabled from functioning as a going building and loan institution. It was also intended that when liquidation is completed the association would surrender its charter and go out of existence.

This hybrid structure, though termed a liquidating corporation, has all the elements of a trust; the property of the association is the *res* and the shareholders are the *cestuis que trust*. These elements being present, I see no difficulty in finding a trustee, although whether it be the corporation or the directors, or some other persons or entity to be appointed by the court under its inherent jurisdiction over trusts, need not now be determined for the reasons which I will hereinafter discuss.

The power of this court to deal with trusts and the problems incident thereto is, of course, well settled but these directors have filed a petition for advice and instructions with respect to a trust not judicially created nor subject to this court's jurisdiction. The rule to be followed in such cases has already been outlined by this court. *In re Washington Casualty Insurance Co., 109 N. J. Eq. 483; 158 Atl. Rep. 331; Smith* v. *Washington Casualty Insurance Co., 110 N. J. Eq. 122; 159 Atl. Rep. 510.*

In the case first cited, this court pointed out that it was improper to give an opinion sought by a petition of the Commissioner of Banking and Insurance unless and until the trust which he was administering was by appropriate pro-

ceeding established in this court. Thereafter the commissioner filed a petition submitting his trust to the jurisdiction of the court and praying for instructions with respect thereto. This court pointed out that in order for it to take over the administration of the trust, the commissioner must surrender his administration, relinquish his trust and subject it to the appointment of a trustee under this court's general equity powers.

This court, even though it might give instructions to trustees in liquidation of building and loan associations, will not, under the cases cited above, give advisory opinions to the petitioners-directors of a liquidating corporation who desire to manage their trust outside of the jurisdiction of this court. If the petitioners desire legal advice they may resort to their own counsel but if they seek the judicial sanction of this court, then they must subject themselves to its jurisdiction. If the directors of this liquidating corporation desire to surrender their trust and submit it to this court's jurisdiction so that it may be judicially administered by this court, then the procedure outlined in *Smith* v. *Washington Casualty Insurance Co., supra,* can be followed. The present petition does not satisfy these requirements and it must therefore be denied.

There is another fatal objection to the manner in which the present proceeding was instituted. The original jurisdiction of this court is ordinarly invoked by bill. *Grobholz* v. *Merdel Mortgage Investment Co., 115 N. J. Eq. 411; 170 Atl. Rep. 815; In re Interstate Building and Loan Association, 126 N. J. Eq. 469; 9 Atl. Rep. (2d) 697.* Unless a summary procedure is authorized by a statute or by usage, the ordinary procedure of filing a bill of complaint and the issuance of subpœnas should be adopted in order that the court may acquire jurisdiction of the parties in interest, although there is precedent for moulding the proceedings where inaugurated by petition. In this case, because of the unique character of the petitioners, the better procedure would be by independent bill.

An order will be entered dismissing the petition and cross-petition unless the directors desire to take advantage of the procedure outlined herein.