This matter is before the court on the petition of the Commissioner of Banking and Insurance in possession of the Falcon Building and Loan Association for the purpose of liquidation. The Association was taken over as an unsound institution on December 6th, 1935, by the predecessor in office of the present commissioner and since that time the liquidation has continued. In his petition the commissioner states that he "desires the aid, advice, instruction and direction of this court in and about the administration of [his] trust and therefore submits said trust to the jurisdiction of this court to the end that he may be aided, advised, instructed and directed by this court in the liquidation and administration aforesaid and the proper disposition of the various claims and other matters which have arisen and which may hereafter be presented for determination and disposition." *Page 340 
It is alleged that situations have arisen and may arise which cannot be solved under the existing statutes and the authority and sanction of the decrees of this court are sought to aid in the liquidation of the association. Annexed to the petition is a detailed account of the administration of the association since December 6th, 1935. The commissioner prays, among other things, that the account be approved, confirmed and allowed and that the petitioner be advised and instructed "without further notice of application in the liquidation and administration of the association."
The parties in interest were too numerous to be made respondents and representatives of various classes of shareholders, creditors and other claimants were joined. An order to show cause was issued upon the petition. On the return of the order shareholders filed exceptions to the account, pointing specifically to those matters in which they considered the account deficient. Application has now been made to refer the report and account to one of the masters of this court.
The supervision of building and loan associations by the Department of Banking and Insurance and the petitions which have been filed in this court as incidents thereof have been the subject of recent comment by this court. In re Lawyers andHome-makers Building and Loan Association, 128 N.J. Eq. 22. That proceedings of this kind should be instituted by bill rather than by petition has long been the rule, and the practice for the amendment of petitions has also been declared. In re Ungaro,88 N.J. Eq. 25; 102 Atl. Rep. 244.
The basic problem which arises from the fact that the legislature has not provided a complete scheme for the liquidation of building and loan associations by the Department of Banking and Insurance was discussed recently by Vice-Chancellor Berry in the matter of the voluntary dissolution and liquidation of the Peoples Building and Loan Association of Newark, New Jersey, docket No. 124-628 (not officially reported). In discussing the dual control and responsibility which was imposed upon the Department of Banking and Insurance and the Court of Chancery, he said: *Page 341 
"This controversy is a fair example of the results of the hybrid legislation by which the administration of trustees of building and loan associations in voluntary dissolution and liquidation is committed to the [dis]joint[ed] supervision of The Department of Banking and Insurance and the Court of Chancery. While it is not the province of the judicial branch of the government to advise the legislative branch, it may with propriety point out the result of the legislation here involved and to suggest that either the banking department or this court, acting alone, might function more efficiently in the matters thus committed to their supervision and control."
The situation now presented to the court is another phase and a logical extension of this problem. A review of the statutory scheme which the legislature has provided for the administration of these unsound financial institutions will demonstrate that the position in which the commissioner now finds himself was inevitable. The commissioner is appointed by the governor by and with the consent of the senate and may be removed by the governor for cause. R.S. 17:1-2. He is required by the statute to make annual reports to the legislature embracing a statement of the proceedings taken by him. R.S. 17:1-9. The legislature has further provided that the commissioner shall not be liable in damages to any person for errors of judgment or for failure to act under the powers conferred by the statute. App. A:7-4. His responsibility as commissioner, therefore, is not to this court.
When the commissioner determines that an association is conducting business in an unsafe or an unauthorized manner, or if he concludes that the association is in an unsound or unsafe condition to transact business or that it is insolvent, c., he may apply to this court for an injunction restraining the association from transacting further business or transferring or disposing of its property in any manner. R.S. 17:12-64-66. Upon this application, the court may appoint a receiver but except for specific provisions of the act (see R.S. 17:12-76) the court would be powerless to review the acts of one of the branches of the executive department. If the commissioner takes possession of the property and business *Page 342 
of an association without recourse to this court, as he may also do under the statutory plan (R.S. 17:12-67), he is not required to account for his acts except when the jurisdiction of this court is invoked for the limited purpose of obtaining the court's approval of the compensation of the special assistant deputy commissioner, counsel and other employes and assistants and all expenses of administration and liquidation. R.S. 17:12-73.
The legislature has the power to add to the jurisdiction of the Court of Chancery in an appropriate field. State Board of MilkControl v. Newark Milk Co., 118 N.J. Eq. 504;179 Atl. Rep. 116; Cf. Hedden v. Hand, 90 N.J. Eq. 583; 107 Atl. Rep. 285.
But I do not conceive that the approval of the salary of the commissioner's assistant and employes engaged in the liquidation falls within any of the recognized fields of equitable jurisdiction. The statute seems to constitute the court a special statutory agent for the limited purpose outlined and this being so the commissioner must restate his account to set forth the compensation of the special assistant deputy commissioner, counsel and other employes and assistants and all expenses of his administration and liquidation, indicating the compensation which he has fixed in each case. In all other respects, at least upon a proceeding instituted in this court by the commissioner, with the liquidation in its present status, the court is without power to examine, approve or review the administration and liquidation of this building and loan association by the commissioner and the prayers of the petition in so far as they seek approval of the general accounting which has been filed are denied.
The commissioner has also requested the aid, advice, instructions and directions of the court in the administration and liquidation of the Association. If application had been made to this court for a receiver, the Association would have been administered as a trust by the court's appointee and the court would, as in the ordinary case, advise its receiver from time to time as the occasion demanded. The commissioner, however, has elected to take over this Association as a statutory receiver, as he is permitted to do by the statute. His administration is completely independent of this court except *Page 343 
as has been noted above and except for certain other matters not material here. If there are problems which the commissioner is unable to solve because the statute is silent, he may resort to counsel for advice.
In In re Lawyers and Home-Makers Building and LoanAssociation, supra, this court pointed to the existence of a trust which, upon a proper proceeding, it would administer. The commissioner has also recognized that he is dealing with a trust but he merely "submits the trust" for advice. In In reWashington Casualty Insurance Co., 109 N.J. Eq. 483;158 Atl. Rep. 331, such a petition was rejected by the court and it was pointed out that before this court will advise the commissioner the trust must be surrendered.
While the commissioner may in his discretion apply to the court for instructions or directions regarding the sale of any property of the association or the compounding of debts or claims, he may also do these acts without the court's approval. R.S. 17:12-72.
Until he is ready to dispose of the proceeds arising from the sale of the assets of the estate, he may, if he so elects, act without the aid or instruction of this court in respect of those matters which the statute covers. *Page 344