Van Mater v. Sickler.

ELIAS C. VAN MATER *v.* WILLIAM SICKLER, administrator of Isaac B. Van Mater, deceased.

1. In a suit instituted by one of the next of kin against an administrator for a settlement of the estate in this court, all those entitled to a distributive share of the estate are necessary parties.

2. Where the complainant, as next of kin, calls upon the defendant, who is the personal representative of the intestate to answer in that capacity, and as an heir-at-law calls upon the defendant to account for the rents and profits, the bill is multifarious.

3. In the settlement of the estates of decedents, this court has concurrent jurisdiction with the Orphans' Court. But where jurisdiction has been assumed by the Orphans' Court, it is not the *right* of a party to change the form of settlement at his pleasure.

On filing the bill an injunction was allowed by one of the injunction masters. This was a motion on the answer of the defendant to dissolve the injunction.

*R. P. Thompson,* Attorney-General, for motion.

*A. L. Eakin, contra*

THE CHANCELLOR. The complainant, as one of the next of kin of Isaac B. Van Mater, deceased, is entitled to a distributive share of his estate. He filed this bill against the defendant as the administrator of the intestate; and the prayer of the bill is that the defendant may be compelled to settle his accounts as such administrator, in this court; that he may be decreed to account also for certain rents and profits which he has collected and which belong to the complainant, as one of the heirs-at-law of the decedent. He further prays that the defendant, in the meantime, be enjoined from further prosecuting a suit at law, which the defendant, as administrator, brought against the complainant in the Circuit Court of the county of Salem.

The bill is objectionable in several particulars.

First. The necessary parties are not before the court. In a suit instituted by one of the next of kin against an administrator, for a settlement of the estate in this court, all those entitled to a distributive share of the estate are necessary parties. They are immediately interested in taking the accounts. Their rights are ascertained and concluded by the decree of this court.

Second. The bill is multifarious. One object of the bill is to settle the personal estate of Isaac B. Van Mater. The complainant, as next of kin, calls upon the defendant, who is the personal representative of the intestate, to answer in that capacity. But the complainant, also, as an heir-at-law, calls upon the defendant to account for certain rents and profits which have come into his hands. It appears from the bill that the persons entitled to the rents, claim them as heirs-at-law, through their mother, who was the wife of the intestate. There are others than the heirs-at-law entitled to the rent, who, as next of kin, are interested in the distribution of the estate which the defendant represents. It is manifest, therefore, that these accounts cannot be settled in the same suit.

But as the bill might be amended to obviate these objections, it will perhaps be for the interest of the parties that I should express some opinion as to the merits of the case. The only question before me now is as to the dissolution of the injunction. This question, however, in a measure involves the propriety of the court's assuming the jurisdiction of settling the estate of the intestate in this court.

The administrator has proceeded without any objection, in the Orphans' Court of the county of Salem, and presented there his accounts for final settlement. This complainant asked that court for time to file exceptions to the accounts, which was granted. Before the expiration of the time allowed for filing exceptions this bill was exhibited.

Two questions are presented:

First. Ought this court to assume jurisdiction for the purpose of administering the estate? If so, it might properly follow as incident that the injunction granted should be con-

tinued, for the reason that the settlement of the demand which the administrator has against the complainant would be involved in the final settlement and distribution of the estate by a decree of this court.

Second. Is the settlement of the account between the complainant and the estate of a character which requires or renders proper the interference of a court of equity ? If so, it is proper this court should assume jurisdiction, in order to grant the complainant relief. The settlement of the accounts of the administrators *here* would follow as incident to that relief.

In the settlement of the estates of decedents, this court has concurrent jurisdiction with the Orphans' Court. *Salter and others* v. *Williamson's Ad.*, 1 *Green* 480 ; *King* v. *Berry's Ex'rs*, 2 *Green*, 44, 261 ; *manuscript of opinions of Ch. Williamson, Garrabrant Lawrence, and Burtiss and others*, v. *Adm'r of Hopkins.* But where jurisdiction has been assumed by the Orphans' Court, it is not the *right* of a party to change the forum of settlement at his pleasure. The Chancellor must exercise his discretion, and judge as to the propriety of the Court of Chancery's interposing. There are many cases where the character of the estate is such that the remedy which can be afforded to parties interested, by the Orphans' Court, is defective. The case may be one of complication and difficulty, requiring the aid of a Court of Chancery, in ascertaining and securing the rights of those interested in the estate, and in the protection of the executor or administrator.

In this case there is nothing which requires the aid of this court. The complainant alleges that the inventory filed is not a true one, and that the final account presented for allowance by the administrator, is, in many respects, inaccurate and erroneous. The Orphans' Court is as competent to adjust and correct these defects, if they really exist, as this court. There is no complaint of any error they have committed, nor is any reason suggested for any well-grounded apprehension that that court will not afford complete justice. I do not see any reasonable ground, therefore, for ousting

the Orphans' Court of its jurisdiction, for the mere purpose of settling the administrator's accounts here.

As to the other ground, whether the complainant has any equity which renders the interference of the court on his behalf necessary or proper. The complainant is indebted to the administrator between one and two hundred dollars for articles purchased at the vendue. After time was granted to file exceptions to the administrator's accounts, the administrator brought the suit at law against the complainant. There is no dispute that the debt is due, but the allegation is, that the amount which the complainant is entitled to receive as his distributive share of the estate, is more than the debt which the administrator claims to be due the estate; and it is insisted that, such being the case, it is unreasonable and inequitable that the defendant should be permitted to enforce the payment by suit at law. The answer denies the allegation that the amount due the complainant, as next of kin, is equal to the amount of the debt contracted. Ought the court to take jurisdiction of the case to settle this question? The delay in the settlement of the estate, and the expense of litigation, are proper matters for the consideration of the court. At the worst, the complainant will only be put to some inconvenience, by the course pursued by the administrator, in compelling him to pay his debt, if this court refuses to interfere. On the other hand, the whole amount in dispute will not pay the costs of this litigation. I do not think a suit like this is to be encouraged. I can only judge of the case as it appears by the bill and answer. The injunction must be dissolved, with costs.

CITED in *Frey* v. *Demarest*, 1 *C. E. Gr.* 239; *Search's Adm.* v. *Search's Adm's*, 12 *C. E. Gr.* 140.