MARY FRASER

*v.*

JAMES K. FRASER.

[Decided March 22d, 1910.]

1. The provision in our Divorce act (*P. L. 1907 p. 474 § 10*) that all suits for divorce shall be commenced by petition does not operate to prevent the petitioner from alleging in such pleading the existence of a fraudulent divorce obtained in another jurisdiction and praying for the avoidance of the alleged fraudulent decree as an impediment to the granting of the relief sought in the suit for divorce in this court.

2. A petitioner for divorce in this court may in that suit remove a fraudulent divorce out of the way of, and preliminary to, the granting of the main relief in the suit in this court, and will not be compelled to file an original bill for that purpose; one suit instead of two is all that our practice and statute require.

On motion to strike out amended petition for divorce.

*Mr. Scott Scammell,* for the motion.

*Mr. Elmer W. Demarest, contra.*

WALKER, V. C.

The original petition was filed for a divorce from bed and board and for alimony for the cause of desertion. The defendant, by way of plea in bar to the relief sought, set up that prior to the commencement of the suit he obtained a decree of divorce from the petitioner in the State of Colorado. The petitioner applied for and obtained leave to amend, and then filed an amended petition in which it is averred that the Colorado court had no jurisdiction of her husband's cause for divorce, and that, therefore, the decree of that court divorcing the parties is a nullity.

The objection presented under this motion is that the foreign decree cannot be avoided in litigation commenced by petition,

but must be attacked by an original bill. If the present proceedings were commenced by bill instead of petition the Colorado divorce could be assailed in the same bill, as an impediment to the relief sought in chief. Of this there can be no doubt. *Doughty* v. *Doughty, 27 N. J. Eq. (12 C. E. Gr.) 315; affirmed, 28 N. J. Eq. (1 Stew.) 581; Fairchild* v. *Fairchild, 53 N. J. Eq. (8 Dick.) 678; Magowan* v. *Magowan, 57 N. J. Eq. (12 Dick.) 322.*

It is conceded that if our Divorce act of 1902 were still in force, under which a suit for divorce could be commenced by bill, and that had such a bill been filed in this cause it could have prayed, incidentally, for the nullification of the Colorado divorce as incident to the main relief sought, and that an original bill for the annulment of the Colorado divorce alone would not have had to be filed.

Where no other method of invoking the jurisdiction of this court is provided for, the cause must be commenced by bill. *Salem* v. *Board of Health, 76 N. J. Eq. (6 Buch.) 264.* A bill in chancery, in its broadest sense, is a petition, and a suit in this court, when brought by a citizen, is commenced by a *petition* called a "bill," and when by the attorney-general by *petition,* called an "information." *Dan. Ch. Pl. & Pr. p. 1 et seq.* Many statutes point out the particular mode by which relief thereunder is to be sought from the court, and when so pointed out that method must be followed. *Dan. Ch. Pl. & Pr. p. 1 et seq.*

Now our present Divorce act (*P. L. 1907 p. 474 § 9*) provides that the like process and procedure shall be had and pursued in all causes as are usually had and pursued in other causes in the court of chancery, except so far as other process and procedure is prescribed by or under the authority of the act. The next section (10) provides that all suits in chancery for divorce or nullity of marriage under the act shall be commenced by filing a petition which shall plainly and fully state the cause or causes of the application and the relief prayed. The only legislative intent here discoverable, in my judgment, is to establish one method of commencing a divorce suit, namely, by petition, instead of allowing the initiation of such a cause by one of the two alternative methods which obtained under the last act (*P. L. 1902 p. 502*)

which permitted either the filing of a bill or a petition. There is in our present act no manifestation of an intent to curtail the jurisdiction of this court in these causes except as changed proceedings are pointed out. In fact this is what is expressly provided by section 9. *P. L. 1902 p. 502.*

In *West* v. *Paige, 9 N. J. Eq. (1 Stock.) 203,* it was held that in the absence of any established practice or rule in our own court to the contrary, we follow the English practice in all cases where such practice is not rendered inapplicable by some statutory provision, or does not violate the spirit of our statutory regulations. Now it is apparent that our established chancery practice of removing a fraudulent divorce out of the way of, and preliminary to, the granting of the main relief in a suit in this court for divorce, although that suit may now be by petition only and cannot be by bill as heretofore, is not rendered inapplicable because that suit is by petition, nor does it violate the spirit of our statutory regulation.

As already seen a bill is in reality a petition by another name, and the only difference between a bill and a petition is that the latter is less formal in its averments and prayers and the defendant is brought in by process called a citation, instead of by *subpœna ad respondendum,* and is required to answer in shorter time. The essential thing is that the defendant shall have his day in court, and if he has that he cannot complain of the method by which jurisdiction is acquired over him or of the technical form of the pleading which he has to answer. Every sovereign, as I understand it, has the right and power to prescribe the method through which its courts may obtain jurisdiction over controversies and parties.

In *Yauger* v. *Skinner, 14 N. J. Eq. (1 McCart.) 389, 395,* it was held that the fact that the frame of a bill is unusual and without a precedent does not alone constitute an objection to the relief sought, if it can be supported upon principle. The same reasoning applies to the case of a petition, where a petition may properly be filed. I hold that in this case the court has jurisdiction of the entire matter pleaded in the amended petition and of the defendant, who is required to answer it, and that the legislature has expressly provided that the cause of complaint

must be exploited in a petition, and cannot be made the subject-matter of a bill, and, therefore, the petitioner is not driven to the filing of an original bill for the avoidance of the alleged fraudulent decree of divorce in order that she may have the divorce prayed for in her petition, but that, on the contrary, both matters are properly joined in the petition filed. One suit, instead of two, is all that our practice and the statute require. This view leads to the overruling of the present motion, with costs.