The Trenton Banking Company, as trustee under the will of James S. Kiger, deceased, seeks instruction and authority from this court for the sale of a dwelling-house, forming part of thecorpus of a trust estate created by the will for the principal benefit of testator's invalid son, and the purchase of a smaller dwelling-house in place thereof.
It has proceeded by petition and by order to show cause upon the testator's son and the nine persons interested (as equitable remaindermen) in the trust estate. The order provided for service of copies thereof (and of the petition and affidavits) by mail to those of the respondents who resided out of this state. None of the respondents appeared on the return date. The trust has not heretofore been established, nor jurisdiction otherwise acquired in regard thereto in this court.
In certain instances the proceedings involving trust estates may be commenced in this court by petition instead of by bill, where the legislature has so provided. See, for instance, P.L.1907 p. 190. No such statute applicable to the present instance has been brought to the attention of the court.
In the absence of such statutory authorization the original jurisdiction of this court must be invoked by bill. In reMiller, 67 N.J. Eq. 431; In re Ungaro, 88 N.J. Eq. 25 (at p.27). The present proceeding by petition is erroneous, and, as in the Ungaro Case, the petition would have to be dismissed were it not for the fifth section of the Chancery act of 1915, which provides that the court may order proper amendments to be made.
If the respondents had answered or otherwise appeared and submitted to the jurisdiction, the defect, in view of the statute last mentioned, would not be so serious, since proper amendments could readily be made and the case proceed to hearing or the taking of proofs ex parte. No one of them, however, has answered or appeared, and, hence, although the court may have jurisdiction of the cause it has not jurisdiction over the persons of those named as respondents. Jurisdiction over *Page 514 
the person, except where proceeding by petition and order to show cause is authorized by statute, can only be acquired by subpoenaad respondendum or order of publication and substituted service, in the absence of voluntary appearance. The act of 1915 in nowise purports to alter this.
The named respondents, having interest in the trust estate which would be affected by the court's determination, are necessary parties, and no decree binding upon them can be made unless they are brought into court. In re Ungaro, supra.
Petitioner may have leave, if it so desires, to amend its petition in such wise as to make it a bill of complaint (and the chancellor authorizes me to say that this is precisely what was meant by the statement in the Ungaro Case that "the petitioner may elect to file an amended petition"), or it may file a new bill. In either event, however, it will have to bring in the necessary parties defendant by subpoena and order of publication, unless it can procure their voluntary appearance. The order to show cause must be discharged.