JOSEPH A. GROBHOLZ and MINNIE M. GROBHOLZ, complainants-respondents,

*v.*

MERDEL MORTGAGE INVESTMENT COMPANY, defendant-respondent, and FREDERICK H. MERTENS, appellant.

[Submitted October term, 1933. Decided February 2d, 1934.]

*Mr. George R. Milstein,* for Frederick H. Mertens.

*Mr. Frank W. Hastings,* receiver *pro se.*

*Mr. Benjamin Treacy,* for Joseph A. Grobholz and Minnie M. Grobholz.

*Messrs. Erwin & Davidson,* for James Kelsey.

Mr. *John H. Jobes,* for Benjamin J. Darling, Jacob G. Guterl and H. Hamilton Meharg.

Mr. *Daniel D. Loeb,* for Nicholas W. D'Elia.

*Messrs. Edwards, Smith & Dawson,* for Jacob H. Cullman.

The opinion of the court was delivered by

PERSKIE, J.

This was, in the first instance, an appeal by Frederick H. Mertens only, from an order advised by Vice-Chancellor Bigelow, dated April 24th, 1933. The other parties appellant applied for leave to intervene and were permitted to do so. (Motion No. 3, October term, 1933.)

The order in question was made under the following circumstances: On October 19th, 1932, Joseph A. Grobholz and Minnie M. Grobholz, his wife, filed a bill of complaint in the court of chancery, praying among other things, that a receiver be appointed for the Merdel Mortgage Investment Company pursuant to the statute in such case made and provided. On the same day the vice-chancellor appointed Frank W. Hastings custodial receiver of the defendant corporation, and on October 1st, 1932, the vice-chancellor decreed the company insolvent and appointed Hastings permanent receiver thereof. On April 4th, 1933, Hastings presented a "report of receiver and inventory," setting forth that he was unable to locate all the books of the insolvent company and stated, in part, and in a most informal fashion, that a federal income tax report, filed by the insolvent company for the year 1927, showed that a profit of $25,000 was made by the company for the sale of a lease, which money was not accounted for in any of the books of the said company; that on or about April 3d, 1928, the insolvent company paid back to James Kelsey, a preferred and common stockholder of the said company, the sum of $10,000 out of its assets in violation of

section 30 of an act concerning corporations. *2 Comp. Stat. p. 1595.* The receiver prayed that the directors of the insolvent company may be ordered to show cause why they, or some of them, should not account for and pay over to the receiver the said sum of money, with interest. The vice-chancellor allowed a rule to show cause in accordance with the prayer for relief (April 3d, 1933), as against Frederick H. Mertens, Nicholas W. D'Elia, Jacob G. Guterl, Benjamin J. Darling, Jacob H. Cullman, H. Hamilton Meharg and James Kelsey, all directors and trustees of the insolvent corporation. This rule was properly served. On the return day thereof, Messrs. Kelsey, Meharg, Guterl and Darling presented affidavits, setting forth, in substance, that they appeared specially and did not waive any right to be brought into court in the proper manner and have a proper hearing. Each offered an explanation tending to deny liability. Frederick H. Mertens did not enter any appearance or submit to the jurisdiction of the court. The vice-chancellor then made the order in question wherein he ordered that the "report of receiver and inventory" stand as a petition in the cause and that all of the parties aforesaid, directors and trustees of the insolvent company, file their answer to the petition within twenty days from date thereof, and that the receiver have ten days after such answers should be served on him to reply thereto and that the matter be set down for oral hearing on June 20th, then next.

The meritorious question involved is whether the receiver may proceed in this rather loose and summary fashion to establish the alleged claim against appellants, or whether it is necessary in the instant case, for the receiver to institute an independent, plenary suit.

The learned vice-chancellor approached the solution of the judicial problem thus presented on a two-fold basis. He held:

"The advantages of the procedure adopted by the receiver are two-fold: it is expeditious and cheap—advantages always important in insolvency cases and particularly so in the present instance, since the receiver is entirely without funds."

He was, however, fully cognizant of the dangers incident to his proposed method of procedure. For he further held:

"On the other hand, the procedure has its dangers. First, if respondents do not appear, troublesome questions of due process may arise. Again, if the final hearing be had on the return day of the order, the summary nature thereof may prejudice the respondents on the merits. This last may be obviated by directing written pleadings to be filed and a formal hearing thereon to be had. Respondents will have all the opportunity to question the sufficiency of the receiver's case and to present their defense that they would have if the receiver should file a bill. As to due process, I understand as stated before, that respondents do not complain of the manner or place of service."

And relying on the authority of the cases of *McDermott* v. *Woodhouse, 87 N. J. Eq. 615; Smith* v. *Commercial Credit Corp., 113 N. J. Eq. 12, 23,* and *DeStefano* v. *American Chocolate Almond Co., 107 N. J. Eq. 156,* he made the order which is the subject-matter of the appeal.

We prefer to approach the issue presented on the basic principle of law that chancery has no more right to usurp a jurisdiction which is not given to it than it has to deny a jurisdiction which is given to it. To do one or the other is not only contrary to its basic or fundamental functions, but tends to a denial of justice. For if the constitutional provision "due process of law" or, as it is sometimes called, "the law of the land" or, as the English phrase it, "the rule of law," means anything, it should mean equality in the determination of the rights of those affected. Out of this premise it follows that no man is above the law; that every man irrespective of station in life, or position presently occupied, is subject along with all others, to the same laws and the same considerations of our courts.

A general statement of the law as to the rights of receivers and the *modus operandi* of enforcing those rights is very clearly set forth in *53 C. J. 315 § 527.* It is therein stated as follows:

"According to the practice in this country, the receiver may apply to the court for such orders as may be necessary to enforce and protect his right of possession. Under the general rules for the enforcement and protection of the receiver's possession, proceedings to protect such possession may be by petition of the receiver to the court appointing him; a receiver with the power and under the duty to collect assets may move for an order on a party to the suit who has interfered with his possession by collecting assets since the appointment, and may proceed summarily by petition for a rule to show cause in the court by which he was appointed to require one not a party to the suit to pay over money belonging to the receivership which has come into possession of the respondent since the appointment of the receiver, and which is retained in defiance of the court's order sequestering the property and funds of defendant, although the respondent claims a right to or lien upon the fund, the latter's remedy in such case being by a petition in intervention setting up his claim. But as against strangers to the record who are not brought in as parties so as to become amenable to the court's orders, the receiver must proceed by adverse action; *and a rule to show cause should not be substituted for an action at law by receivers to collect a debt due the insolvent at the time of their appointment.* Under the rules above stated, it is the right and duty of the receiver of a corporation to invoke the aid of the court to compel the corporate officers to surrender assets which they are concealing for the purpose of converting to their own use, and an objection that an action at law by the receiver will lie is without merit, where the allegations of the petition to compel delivery of the property which sets up, in addition to the concealment, &c., that the officers were insolvent, showed grounds of equitable jurisdiction. But it has been held that the court cannot enter judgment on a rule to show cause why the president of a corporation should not pay the receiver money of the corporation wrongfully appropriated by him, the proper practice being for the receivers to bring an action therefor. It also has been held that the receiver of an insolvent corporation must pro-

ceed by bill to recover funds of the corporation received by another after the receiver's appointment, and cannot proceed by petition in the receivership suit."·

To substantially like effect are the following: *4 Pom. Eq. Jur. (4th ed.) 3717 § 1582; 23 R. C. L. 60; 40 A. L. R. 903-922; 5 Cook on Corporations (8th ed.) 3958 § 869.*

In our own state Vice-Chancellor Van Fleet, in the case of *Receiver of the State Bank* v. *First National Bank of Plainfield, 34 N. J. Eq. 450* (at *p. 458*), held:

"The petitioner, although an officer of this court, is entitled to no privilege here that would not be accorded to any other suitor. In seeking relief here he must come by the same process that other suitors are required to use, and must prosecute his suit in the same manner that any other suitor would be required to do. The rules of practice are as much a law unto him as to other suitors, and while the present rules of practice remain in force, no suitor can have relief, on a case like that on which the petitioner's claim to relief rests, unless he seeks it by formal bill."

The reports of our state disclose a host of cases by receivers to enforce their rights. The practice, with the few exceptions which we shall hereafter note and analyze, has been for the receiver to institute an independent, plenary suit. The following cases are typical.

In *Williams* v. *Boice, 38 N. J. Eq. 364,* a bill was filed against stockholders to recover dividends paid out of capital. There is an instructive note appended to the report of this case on the manner of obtaining relief in such cases.

In *Wilkinson* v. *Dodd, 40 N. J. Eq. 123,* a bill was filed against directors to recover losses resulting from illegal use by them of securities and money of the company.

In *Davis* v. *Thomas & Davis Co., 63 N. J. Eq. 572,* an independent suit was instituted against directors for return of all or portions of salaries.

In *Hayes* v. *Pierson, 65 N. J. Eq. 353,* a bill was filed against directors for negligent management of business.

In *Appleton* v. *American Malting Co., 65 N. J. Eq. 375,* a bill was filed to compel directors to pay back dividends de-

clared and disbursed in violation of section 30 of our Corporation act. The court of errors and appeals permitted the bill to stand. After the decision in that case section 30 was amended. *P. L. 1904 ch. 142.*

In *Lillard* v. *Oil, Paint and Drug Co., 70 N. J. Eq. 197,* a bill was filed alleging mismanagement, &c., of directors.

In *Mills* v. *Hendershot, 70 N. J. Eq. 258,* a bill was filed to recover of stockholders and directors of the corporation assets misappropriated and dividends declared out of capital.

In *Siegman* v. *Electric Vehicle Co., 72 N. J. Eq. 403,* a bill was filed in chancery against directors for liability under section 30 of the Corporation act.

In *Holcombe* v. *Ames, 87 N. J. Eq. 486,* a bill was filed against directors who approved and authorized payment of dividends where there was no surplus or net profits.

In *Rogosin* v. *City Trust Company of Passaic, 107 N. J. Eq. 79,* a bill was filed for the return of money on the ground of unlawful preference.

In *Fleisher* v. *West Jersey Securities Co., 84 N. J. Eq. 55,* Vice-Chancellor Leaming held that under section 30 of the Corporation act, before the amendment of 1904 (*P. L. 1904 ch. 143 p. 275*), no doubt existed touching the jurisdiction of chancery to enforce the remedy there given, for the action was by the corporation as a *cestui que trust* against its directors as its trustees to recover a statutory measure of liability for breach of trust duties; and if brought by a stockholder in behalf of the corporation, *ex necessitate rei,* the aid of chancery was peculiarly necessary. *"But it is not so clear that the several action given to a stockholder by the amended section for the recovery of the amount of any loss sustained by such stockholder falls within the jurisdiction of this court."* (The amendment of 1904, made liability depend upon willful or negligent conduct by the directors.) *Fleisher* v. *West Jersey Securities Co.,* is cited with apparent approval in *Kron* v. *Trenton Automotive Collateral Co., 96 N. J. Eq. 162,* and in *Shonnard* v. *Elevator Supplies Co., Inc., 111 N. J. Eq. 94.* In the latter case, Vice-Chancellor Fallon, speak-

ing for the chancery court concerning the liability of directors under section 30 of our act concerning corporations, held:

"* * * The courts of law afford complainants adequate remedy for redress of their alleged grievance in such respect, and this court should not assume jurisdiction to determine such alleged grievance even if it be authorized so to do." * * * "This court will not encourage enlargement of the boundaries of its jurisdiction unless the equitable necessity therefor be clearly manifest and emergent."

In *Bentley* v. *Colgate, 10 N. J. Mis. R. 1222,* an action was instituted at law by the receiver of a foreign corporation to recover damages for the alleged negligence of directors. Judge Ackerson, sitting as a supreme court commissioner, struck out the complaint because the allegations of that document were indefinite and insufficient, although he was convinced that the supreme court had jurisdiction over the cause of action. See, also, *Lincoln Bus Co.* v. *Jersey Mutual Casualty Insurance Co., 112 N. J. Eq. 538; Smith* v. *Commercial Credit Corp., supra.*

In *First National Bank of Princeton* v. *Garden Building and Loan Association, 108 N. J. Eq. 143,* Vice-Chancellor Backes held that equity will not, on petition and order to show cause, decree a corporation to transfer on its books shares of stock to an assignee. "The court is not warranted to put the parties to a summary hearing on an order to show cause * * *. This is not a summary proceeding under authority of legislative sanction. The petitioner is seeking the aid. of equity to enforce a legal right and must follow the common course of procedure." See *Pilger* v. *United States Steel Corp., 102 N. J. Eq. 506.*

The chancellor of Delaware in the case of *Price* v. *Horrigan Contracting Co., 95 Atl. Rep. 345,* held that a rule to show cause is not to be substituted for an action at law by receivers to collect a debt due the corporation at the time of their appointment.

Since the earliest case, *State Bank* v. *Receivers of the Bank of New Brunswick (1835), 3 N. J. Eq. 266,* and up to the present time, it is the settled law that in the decisions of

questions arising in the administration of the assets of an insolvent corporation the courts of this state have uniformly regarded our statute as essentially a bankrupt act and applied the doctrines which have controlled in bankruptcy proceedings. *Butler* v. *Commonwealth Tobacco Co., 74 N. J. Eq. 423;* *Nutz* v. *Murray-Nulz, Inc., 109 N. J. Eq. 95* (at p. 99).

The federal courts hold that a trustee proceeding under the Bankruptcy act to compel an adverse claimant to turn over assets to him must proceed by a plenary suit and not by a summary action.

In *U. S. Code Annotated* (*tit. "11 Bankruptcy"*), *320* § *46 note 61,* the law is stated as follows:

"The rights of adverse claimants cannot be determined by summary proceedings; and where it appears that such a claimant has lawfully obtained possession of property prior to the bankruptcy proceedings, or where his claim otherwise appears to be founded in good faith and not merely frivolous or fictitious, and the property is not in possession of the Bankruptcy Court, either actually or constructively, it is will settled that a plenary suit is necessary in order to litigate such claimant's right."

Numerous cases are cited in support thereof. Typical of such cases are *Louisville Trust Co.* v. *Comingor, 184 U. S. 18; 46 L. Ed. 413; Galbraith* v. *Vallely, 256 U. S. 46; 65 L. Ed. 823.* As to who is an adverse claimant see *8 L. R. A.* (*N. S.*) *1232.*

There is a line of federal cases holding that a trustee may proceed by summary action to recover property of the bankrupt which happens to be in the hands of a third person who makes no claim of title thereto in his own right. See *In re Wiesen Brothers, 138 Fed. Rep. 164; In re Breslauer, 121 Fed. Rep. 910.*

There is also a line of cases in the federal courts holding that a summary proceeding may be had against persons who hold or have acquired property for the account of the bankrupt. *Mueller* v. *Nugent, 184 U. S. 1; 46 L. Ed. 405; Babbitt* v. *Dutcher, 216 U. S. 102; 54 L. Ed. 402.*

In addition to the cases cited by the learned vice-chancellor in support of his conclusions, the receiver also cites the case of *Holcombe* v. *Trenton White City Co., 80 N. J. Eq. 122; affirmed, 82 N. J. Eq. 364.* These cases constitute the exceptions above referred to. Let us analyze. them. In the last case cited the petition was used to the point only of determining the amount of the assessment. When that liability was ascertained, the collection thereof must be enforced in a court of law (*Barkalow* v. *Totten, 53 N. J. Eq. 573; Hood* v. *McNaughton, 54 N. J. Law 425*), unless some element of equity jurisprudence appears. *McDermott* v. *Woodhouse, 87 N. J. Eq. 615, 620; Bryson* v. *Conlen, 104 N. J. Eq. 180; Graham* v. *Fleissner's Ex'rs, 107 N. J. Law 278; Bentley* v. *Colgate, supra; Lincoln Bus Co.* v. *Jersey Mutual Casualty Insurance Co., supra.*

In *DeStefano* v. *American Chocolate Almond Co., supra,* the procedure was by petition filed by the receiver, and order to show cause, why one, Panoulias, who was "the corporation, in fact," should not turn over $3,295.25 to the receiver; as a preferential payment. No objection was made to the mode of instituting suit or to the jurisdiction of chancery.

In *Smith* v. *Commercial. Credit Corp., supra,* on a petition by a receiver and order to show cause why the Commercial Credit Corporation should not deliver to the receiver certain automobiles which had been taken from the possession of the insolvent corporation shortly prior to the appointment of the receiver, Vice-Chancellor Berry held that objection to the jurisdiction of chancery came too late when made for the first time during argument and after final hearing. Vice-Chancellor Backes very clearly, concisely and forcefully expounds the modern application of pleading in the case of *Sixteenth Ward Building and Loan Association* v. *Louisi, 108 N. J. Eq. 619.* He says:

"Pleading seems to have lost much of its charm to the bar since the Chancery act of 1915. Too many seem not to distinguish between simplified pleading and shiftless pleading. That carefully prepared piece of legislation was intended to simplify our procedure and the appended forms were meant

to indicate simple and concise pleading. The short forms were not intended to dispense with precise pleading of causes for action and the defenses. The furbelows of the old form were discarded, but not the requisites of the bill—a plain statement of the premises and the relief sought, nor the essentials of an answer—a clear admission or a denial of each allegation of fact or an explanation of the facts alleged in the bill, in avoidance of the charges and a discovery of new facts sought. Nothing could be more simple."

We agree with the contention of the appellants when they say, in substance, that the report of receiver and inventory is neither a petition, bill nor any other form of pleading, which they can intelligently answer. They say:

"Can the directors clearly admit or deny or explain the 'facts' alleged in the 'petition?' 'The receiver has been unable to locate.' 'The receiver is unable to find.' 'The mortgaged premises appear to have been lost,' 'it appears, however, from the federal income tax return,' 'the books indicate,' 'by reason of the lack of sufficient records,' 'only by means of photostatic copies,' and 'only by careful study of the accounts,' are typical examples of the 'facts' which the directors must clearly admit, deny or explain. The 'report' is not a 'petition' and the 'petition' has not the requisites of a bill."

Recovery is sought in part by virtue of section 30 of our Corporation act. The receiver's report and inventory fails even to resemble a proper pleading. It fails to charge the directors with willful or negligent violation of this section of the act. Such omission is fatal.

A leading case on the method of procedure is *Receiver of State Bank* v. *First National Bank of Plainfield, supra.* The receiver filed a petition to recover money of the bank received by one of its creditors subsequent to his appointment. The court held that the proper procedure was by bill and not by petition, and the fact that the receiver was an officer of the court entitled him to no privilege not accorded to other suitors.

We are not unmindful of chapter 116 (*P. L. 1915 p. 185*), which provides that "no suit or proceeding shall be dismissed

on the ground that it was erroneously begun by bill instead of by petition, or by petition instead of by bill; but in such case the court may order amendments to be made upon terms." There is, however, nothing in this act which could permit a construction that the petition referred to may be one other than an original petition commencing an independent cause of action. In fact, the statute indicates quite the opposite. Surely, without more explicit language, it cannot be translated so as to effect a major change in the substantial rights of the parties. If a plenary suit was necessary before the act of 1915, *supra,* the amendment did not change it.

Assuming that procedure in the instant case should have been by an independent or plenary suit, should it have been by petition or otherwise?

In *Fraser* v. *Fraser, 77 N. J. Eq. 205; affirmed, 78 N. J. Eq. 296,* the late Chancellor Walker held:

"Where no other method of invoking the jurisdiction of this court is provided for, the cause must be commenced by bill. *Salem* v. *Board of Health, 76 N. J. Eq. (6 Buch.) 264.* A bill in chancery, in its broadest sense, is a petition, and a suit in this court, when brought by a citizen, is commenced by a petition called a 'bill,' and when by the attorney-general by petition, called on 'information.' *Dan. Ch. Pl. & Pr. 1 et seq.* Many statutes point out the particular mode by which relief thereunder is to be sought from the court, and when so pointed out that method must be followed. *Dan. Ch. Pl. & Pr. 1 et seq.*"

See, also, paragraph 6, page 205, of *An Outline of Chancery Practice in New Jersey* (1930), by Lewis Tyree.

And in the absence of a statutory enactment the original jurisdiction of a cause of equity must be invoked by bill. *In re Miller, 67 N. J. Eq. 431; In re Ungaro, 88 N. J. Eq. 25, 27; In re Kiger, 98 N. J. Eq. 512, 513.*

The mere filing of a bill is not the "beginning" of a suit. In *Bittles* v. *West Ridgelawn Cemetery, 111 N. J. Eq. 416, 418,* the author of the opinion, Mr. Justice Parker, for this court, held:

"It is settled that the mere filing of a bill is not the 'beginning' of the suit. The essential matter (as in actions at law) is the taking out of process. In cases where a preliminary writ of injunction issues, the subpœna and injunction must both be served; if the subpœna be not served the injunction will be dissolved. *Allman* v. *United Brotherhood of Carpenters, &c., 79 N. J. Eq. 150; Forstman & Hoffman Co.* v. *United Front Committee, &c., 99 N. J. Eq. 696.* If the suit be *in personam*, it is not 'begun' until service of subpœna. *Lehigh Valley Railroad Co.* v. *Andrus, 91 N. J. Eq. 225; affirmed, 92 N. J. Eq. 238.* In that case the court could not acquire jurisdiction over the person by publication. But where the suit is *in rem*, and the court has jurisdiction of the *res*, the suit is regarded as begun upon the filing of the bill, issue of subpœna, and the making of a *bona fide* attempt to serve it. *Delaware River Quarry and Construction Co.* v. *Board of Chosen Freeholders of Mercer County, 88 N. J. Eq. 506; Fitch* v. *Smith, 10 Paige (N. Y.) 9; McGraw-Hill Publishing Co.* v. *Sloan & Chace, Inc., 104 N. J. Eq. 120; affirmed, 105 N. J. Eq. 588; Herman* v. *Mexican Petroleum Corp., 85 N. J. Eq. 367, 371.* In some cases of this class the court goes no farther than to say that subpœna must have issued. *M. Haupt Co.* v. *Board of Education of Edgewater (Court of Errors and Appeals), 87 N. J. Eq. 362; Crawford* v. *Township of Maplewood, 105 N. J. Eq. 416; Malba Terrace Corp.* v. *Portaupeck Properties, Inc., Ibid. 453.*"

Appellants, or any of them, were not made parties to the receivership. The bill prayed nothing against them. They may be liable to the receivers representing the creditors to respond in damages or repay the money it is alleged they abstracted but the notion that this can be done by a petition in a summary fashion is indeed a novel one, to say the least.

It is true that in *DeStefano* v. *American Chocolate Almond Co., supra,* the learned vice-chancellor took hold of the matter on a petition, but as already pointed out, no objection was made thereto. The vice-chancellor relied on the cases of which *Savage* v. *Miller, 56 N. J. Eq. 432; Taylor* v. *Gray, 59 N. J. Eq. 621; Jessup* v. *Thomason, 68 N. J. Eq. 443,* are

typical, but an examination of these cases clearly shows that each was commenced on a bill.

There is no justification for holding that the "receiver's report and inventory" is either a petition or a bill. It is neither an orderly nor uniform instrument of pleading. It is neither a simple nor concise statement of the premises; it is, in fact, no pleading at all.

Our study of the authorities on this appeal leads us to the conclusion that the following are some of the principles of law that may be deduced therefrom:

1. That the receiver's report and inventory is neither a bill nor petition. It is neither an orderly nor uniform instrument of pleading. It is neither a simple nor concise statement of the premises; it is, in fact, no pleading at all. It therefore could not be ordered to stand as a petition.

2. The receiver merely stands in the place of and has no greater right than the company over whose property he has been appointed receiver. He may institute almost any sort of suit which such company itself might have instituted.

3. That everyone affected in the premises is entitled to his day in court. That the suitor (receiver) is obliged to present the alleged cause of action by an instrument of pleading which should be plain, concise and uniform.

4. That a receiver may proceed summarily against those who are made parties to the suit for the enforcement and protection of his possession; to compel the paying over of money belonging to the receivership since his appointment. He may in like manner proceed against one who is not a party to the suit to pay over money belonging to the receivership and which is retained since his appointment, not adversely, but which is retained in defiance of the court's order.

5. That as against strangers to the record, who hold adversely property of the insolvent company, or who are indebted to the insolvent company, at the time of the appointment of the receiver, he must proceed by adverse action, i. e., by an independent, plenary suit. He must resort to the same procedure employed by all other suitors.

6. That the receiver must, of course, observe and follow all such procedure as may be prescribed by statutory enactment.

7. That in the absence of statutory enactment and unless some element of equity jurisprudence appears, a receiver, like all other suitors, must resort to the remedy provided at law, that is, of course, if such remedy is complete and adequate.

The order is reversed and the cause remitted to chancery to be proceeded with in accordance with the views herein expressed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.   14.