A matter with this title and docket number was initiated last July by a petition of the trustees of the Interstate Building *Page 470 
and Loan Association, in voluntary dissolution, presenting to the court their first report and account, and praying that the same be approved. In due course, a decree was made in accordance with the prayer. Then on November 28th, the trustees filed another petition in the same proceeding in which they show that Alice E. Berger and Charlotte Zeisler have each obtained judgment in the New Jersey supreme court against petitioner's association, the former on May 31st, 1939, for $12,854, and the latter on October 20th, 1939, for $13,257; that executions thereon have issued and levies have been made. The trustees aver that the executions and levies impede the due and proper liquidation of the assets of the association and they pray that the judgment creditors be restrained from proceeding with their executions and be required to surrender any liens which they may have obtained by the levies. The judgment creditors were ordered to show cause why the prayer of the petition should not be granted.
On the return of the order, the respondents challenge the procedure which the trustees have adopted, and say that the controversy should be adjudicated in a plenary suit on bill of complaint and not in a summary proceeding on petition and order to show cause.
A suit in chancery must be instituted by bill of complaint except in those instances in which the legislature has authorized the use of a petition or in which its use has the sanction of long established practice. Receiver of State Bank v. FirstNational Bank, 34 N.J. Eq. 450; Smalley v. Smalley, 54 N.J. Eq. 591; Salem v. Board of Health, 76 N.J. Eq. 264; Fraser v.Fraser, 77 N.J. Eq. 205; 78 N.J. Eq. 296. These decisions were rendered before the enactment of the Chancery act of 1915 which contained the provision now found in R.S. 2:29-13, "No suit or proceeding shall be dismissed on the ground that it was erroneously begun by bill instead of by petition or vice versa.
In such cases, the court may order proper amendments to be made upon terms." This statute does not alter the general rule that the initial pleading should be a bill of complaint. Its effect is to permit, instead of a dismissal, amendment of a petition in such wise as to make *Page 471 
it a bill of complaint. In re Ungaro, 88 N.J. Eq. 25; In reKiger, 98 N.J. Eq. 512; Grobholz v. Merdel Mortgage InvestmentCo., 115 N.J. Eq. 411, 423.
In the present case, even if the petition were transformed into a bill, the procedure adopted would be fatally defective. Unless process by order to show cause is authorized expressly or impliedly by statute, jurisdiction over the person can be acquired only by subpoena ad respondendum, or (in a proceedingin rem) by order of publication and substituted service. In reKiger, supra. Likewise, when the defendant has been brought into court, unless the case is one in which a summary procedure is authorized by statute or usage, the ordinary procedure outlined in our rules must be followed. First National Bank v. GardenBuilding and Loan Association, 108 N.J. Eq. 143.
Petitioners, in avoidance of the principles that I have been discussing, argue that chancery may proceed on petition and order to show cause in a summary manner to protect property which is in the possession or under the protection of the court, and that the assets in the petitioners' hands are in that situation.
I agree with the first branch of the argument. A court having possession of property has an ancillary jurisdiction which it may exercise in a summary manner, to determine all questions respecting the title, possession and control of the property.J.W. Pierson Co. v. West Orange-Verona Building Co., 112 N.J. Eq. 426; Riedinger v. Mack Machine Co., 117 N.J. Eq. 337;Sullivan v. James Leo Co., 124 N.J. Eq. 317, 326.
The trustees contend that the statute under which they hold office, relating to the voluntary dissolution of building and loan associations, R.S. 17:12-81 to 94, puts under the care of chancery the assets of every building and loan association which is in process of liquidation. Unquestionably chancery, as part of its jurisdiction over trusts and by virtue of the express provisions of section 88, has jurisdiction over the trusts arising from the dissolution of such associations. But the court has no responsibility and no authority with *Page 472 
respect to any particular association and no custody of its assets, until its jurisdiction is invoked in a formal manner, in accordance with the practice of the court.
Lastly, the trustees urge that their petition of last July and the order to show cause thereon, operated to bring the administration of their trust into chancery and to place the trust assets in custodia legis. While I assume that on a bill properly framed this court might acquire a general jurisdiction over the trust res which would continue until the estate were wound up, the July petition had no such effect. It prayed only the approval of the first accounting of the trustees. When that approval had been obtained, the cause was at an end. The parties went home, taking their assets with them. I may observe that the accounting on petition rather than by bill was authorized by chancery rule 268, and if statutory sanction for the rule be necessary, it may be found in R.S. 2:29-16.
The order to show cause will be discharged. But as I have not considered the merits of the application, the trustees may proceed, without prejudice, by bill in the ordinary manner.