This matter comes before the court on a petition filed by the widow of the testator, and Kintzing P. Emmons, one of the two trustees named in the will. The petition seeks the substitution of one Thompson as alternative trustee named in the will in the place and stead of John W. Platten, who is now acting as co-trustee with one of the petitioners. The petition seeks, among other things, the construction of paragraph seven of the will and instructions to the trustees as to their duties thereunder. The paragraph in question, in substance, gives to the widow the right to dispose of one-half of the residue of the estate, which in fact is a very large amount, by her will, to such charities as she may select, provided that these dispositions shall be approved of in writing by the trustees. It is alleged in the petition that the widow has in fact executed a will appointing two certain charities as beneficiaries, that her fellow petitioner has approved her appointments, but that the co-trustee, Platten, has refused to do so. It is further alleged that Platten has arbitrarily exercised his veto power without proper justification, that he is *Page 73 
a man of advanced age, and that he is incapacitated from properly performing his functions as trustee.
An order to show cause why the relief prayed for should not be granted is resisted by Platten, one of the two trustees, on the ground that the matters involved can be heard only in a plenary suit by bill instead of by petition. The Chancery Act of 1915 provides as follows:
"No suit or proceeding shall be dismissed on the ground that it was erroneously begun by bill instead of by petition, or viceversa. In such cases the court may order proper amendments to be made upon terms."
Until that time it was thoroughly established that all original proceedings in Chancery could be begun only by bill, unless the institution of suit by petition was expressly authorized. The use of petitions for incidental purposes in suits already pending has been sanctioned by long usage. Receiver of the State Bank of NewBrunswick v. First National Bank of Plainfield, 34 N.J. Eq. 450,
where the court says (at p. 457):
"He is here by petition, and not by bill. So far as I am aware, no instance exists in which relief of the character sought, and on a case similar to that exhibited here, has been awarded on a petition. It is undoubtedly true that there are cases in which a suitor may institute a suit or proceeding in this court by petition, but I think the use of such process, for such a purpose, must be held to be limited to those instances in which the legislature has expressly authorized its use, or where its use has the sanction of long-established practice. Suits for divorce may be commenced by petition (Rev. 316 § 7), and so may a suit to procure an adjudication of insolvency against a corporation (Rev. 189 § 70), and proceedings for the sale of lands limited over may be begun in the same manner (Rev. 1052§ 42). And by the long-established practice of the court, infants may have guardians assigned for them, and order for maintenance made, under proceedings instituted by petition, and without bill.Ex parte Salter, 3 Br. C.C. 500; Ex parte Mountfort, 15 Ves.445; In re Bostwick, 4 Johns. Ch. 100. *Page 74 
"Except in these and a few other instances, I think the use of a petition as the initial process in any equity suit or proceeding is without precedent, and contrary to the uniform course of practice. It is ordinarily used for interlocutory purposes."
In re Kiger, 98 N.J. Eq. 512, here the court held, (at p.513):
"In certain instances the proceedings involving trust estates may be commenced in this court by petition instead of by bill, where the legislature has so provided. See, for instance, P.L.1907 p. 1940. No such statute applicable to the present instance has been brought to the attention of the court.
In the absence of such statutory authorization the original jurisdiction of this court must be invoked by bill. In reMiller, 67 N.J. Eq. 431; In re Ungaro, 88 N.J. Eq. 25 (at p.27). The present proceeding by petition is erroneous, and, as in the Ungaro Case the petition would have to be dismissed were it not for the fifth section of the Chancery Act of 1915, which provides that the court may order proper amendments to be made."
The Court of Errors and Appeals has ruled that the provision of the Chancery Act hereinbefore quoted does not enlarge the jurisdiction of the court so as to permit commencement of original proceedings by petition when not previously authorized. In Grobholz v. Merdel Mortgage Investment Co., 115 N.J. Eq. 411
(at p. 422), the court says:
"We are not unmindful of chapter 116 (P.L. 1915 p. 185), which provides that `no suit or proceeding shall be dismissed on the ground that it was erroneously begun by bill instead of by petition, or by petition instead of by bill; but in such case the court may order amendments to be made upon terms.' There is, however, nothing in this act which could permit a construction that the petition referred to may be one other than an original petition commencing an independent cause of action. In fact, the statute indicates quite the opposite. Surely, without more explicit language, it cannot be translated so as to effect a major change in the substantial rights of the parties. If a plenary suit was necessary before the act of 1915, supra, the amendment did not change it." *Page 75 
It is contended on behalf of petitioners that the present procedure is authorized by Chancery rule 268, which provides, "Applications to appoint or substitute trustee or to settle the accounts of trustees may be made by bill or petition." In my opinion, the authority thus granted extends, at most, only to the filling of a vacancy in the office of trustee and does not extend to the removal of a trustee and clearly not to the construction of a will. The proceedings upon a petition are of a summary nature and do not provide for deliberation and other safeguards which, it seems to me, are essential in such an important matter as that before the court. In my opinion, a plenary suit, instituted by bill, with the regular procedure by way of subpoena bringing in all the necessary parties, is necessary, and the petition must accordingly be dismissed, with leave to amend by redrafting the petition as a bill, and to proceed accordingly.