Two separate documents have been filed in this cause. The first, entitled as above, is a "Petition on Accounting and For Construction of Last Will and Testament;" the second is entitled the same and is "On Accounting and Construction of Last Will and Testament, Trustees Account." These were forwarded to Chancery chambers in Long Branch by the clerk in Chancery, in anticipation of an ex parte application for an order to show cause. The application when made was denied, for reasons which will hereinafter appear. And, because there seems to be some misunderstanding or uncertainty *Page 576 
among some members of the bar as to when the jurisdiction of this court should be invoked by bill, and when by petition, this memorandum is written.
Causes are instituted in this court either by bill or by petition:
 1. BILLS.
In the absence of statutory enactment, the original jurisdiction of this court must be invoked by bill; and the practice is to commence the suit in all cases by filing a bill of complaint, which concludes by praying for the appropriate process, and such process is then issued accordingly. Fletcher'sEquity Pleading and Practice 90 ¶ 64; Story's Equity Pleadings
(8th ed.) 7; Receiver of State Bank v. First National Bankof Plainfield, 34 N.J. Eq. 450, 457; In re Interstate Buildingand Loan Association, 126 N.J. Eq. 469; In re Denison, 130 N.J. Eq. 72; Grobholz v. Merdel Mortgage Investment Co., 115 N.J. Eq. 411,417, 423; In re Kiger, 98 N.J. Eq. 512; In re Miller,67 N.J. Eq. 431; In re Ungaro, 88 N.J. Eq. 25, 27; Smalley v.Smalley, 54 N.J. Eq. 591; Salem v. Board of Health, 76 N.J. Eq. 264.
In Fraser v. Fraser, 77 N.J. Eq. 205; affirmed, 78 N.J. Eq. 296,
the late Chancellor Walker held:
"Where no other method of invoking the jurisdiction of this court is provided for, the cause must be commenced by bill."
 2. PETITIONS.
As a general rule a cause may be instituted in this court by petition only when authorized by statute. A petition for leave to sue "in forma pauperis" is an exception to this rule, and there are probably other exceptions arising out of the inherent equity jurisdiction of the Chancellor, all of which is discretionary.Miller v. Bond and Mortgage Guaranty Co., 121 N.J. Eq. 197,199; Fidelity Union Trust Co. v. Appleby, 122 N.J. Eq. 59, 61;1 Newland, Practice of the High Court of Chancery (1st Americanfrom 2d London ed.), ch. 4 pp. 142, 150 et seq. *Page 577 
"Petitions are applications in writing for an order of court, stating the circumstances upon which they are founded, and are resorted to whenever the nature of the application to the court requires a fuller statement than can be conveniently made in a notice of motion." Fletcher's Equity Pleading and Practice 444 ¶423.
"A petition, in legal language, describes an application to a court, in writing, in contradistinction to a motion." Bergen v.Jones, 4 Metc. (Mass.) 371; Shaft v. Phoenix LifeInsurance Co., 67 N.Y. 544.
"Interlocutory applications, when made viva voce to the Court, are called motions; when they are made in writing, they are called petitions. There does not appear to be any very distinct line of demarcation between the cases in which they should be made by motion, and those in which they should be made by petition; but, as a general rule, where any long or intricate statement of facts is required, the application should be made by petition; while, in other cases, a motion will be sufficient." 2Daniell's Chancery Practice 1587.
In general, a petition cannot be presented in a cause until the bill is filed. Receiver of State Bank v. First NationalBank of Plainfield, supra; Fletcher's Equity Pleading andPractice 444 ¶ 423; 2 Daniell's Chancery Practice 1604.
In Receiver of State Bank v. First National Bank ofPlainfield, supra (at p. 457), the court said:
"But if my judgment was for the petitioner on all other points, I think it is clear, according to the established practice of the court, that the court could give the petitioner no relief on the present record. He is here by petition, and not by bill. So far as I am aware, no instance exists in which relief of the character sought, and on a case similar to that exhibited here, has been awarded on a petition. It is undoubtedly true that there are cases in which a suitor may institute a suit or proceeding in this court by petition, but I think the use of such process, for such a purpose, must be held to be limited to those instances in which the legislature has expressly authorized its use, or where its use has the sanction of long-established practice. Suits for divorce may be commenced by petition (Rev. 316 ¶ 7), and so may a suit to procure an adjudication of insolvency against a corporation (Rev. 189 § 70), and proceedings for the sale of lands limited over may be begun in the same manner (Rev. 1052 *Page 578 
§ 42). And by the long-established practice of the court, infants may have guardians assigned for them, and orders for maintenance made, under proceedings instituted by petition, and without bill. Ex parte Salter, 3 Br. C.C. 500; Ex parteMountfort, 15 Ves. 445; In re Bostwick, 4 Johns. Ch. 100.
"Except in these and a few other instances, I think the use of a petition as the initial process in an equity suit or proceeding is without precedent, and contrary to the uniform course of practice. It is ordinarily used for interlocutory purposes."
Of course an appeal to the conscience of the Chancellor may always be made by an informal petition, such as a letter. An example of this practice is found in Fifth Avenue Bank of NewYork v. Compson, 113 N.J. Eq. 152. That was a petition in a cause then pending, but I apprehend that such an informal petition seeking equitable relief would receive due consideration and prompt response directive as to the proper procedure even though no cause in Chancery was then pending. As a matter of fact, hundreds of such informal petitions are received by the Chancellor, his Vice-Chancellors and other assistants every year. And in many cases, where the petitioner is indigent, the matter is referred to a master or counsel is appointed to take appropriate action, and these officers of the court act without compensation. An example is a petition for leave to sue "informa pauperis," already referred to.
In Codwise v. Gelston (New York Court of Appeals), 10Johns, Rep. 508, it is stated in the syllabus:
"Whether a party is entitled to relief by petition, or must apply by bill, depends on circumstances, and the sound discretion of the Chancellor; when the petition is upon some collateral matter which has reference to a suit in court, he may be relieved on petition."
 3. DISTINCTION BETWEEN BILL AND PETITION.
A bill does not require verification unless the complainant desires some ex parte relief upon it, such as a restraining *Page 579 
order or the like. A petition does. In re Ungaro, 88 N.J. Eq. 25,26.
"The only difference between a bill and a petition is that the latter is less formal in its averments and prayers and the defendant is brought in by process called a citation, instead of by subpoena ad respondendum, and is required to answer in shorter time." Fraser v. Fraser, 77 N.J. Eq. 205, 207.
For distinction between motions and petitions, see Lube,Equity Pleading (2d ed.) 60-64.
For petitions of right see Cooper on Pleading on the EquitySide of the High Court of Chancery 22-23.
 4. THE INSTANT PETITION AND TRUSTEES ACCOUNT.
The petition of the president and directors of Manhattan Company and the "Trustees Account," entitled as above, were evidently prepared by one not familiar with the proper procedure in this court and the forms of pleadings adaptable thereto. I am informed that these two documents were prepared by New York counsel for the petitioner, and sent to the New Jersey solicitors who signed the petition with a request that they be filed, which request was complied with. This was a mistake and I am sure that it would not have occurred had the solicitors taken the time to examine these documents thoroughly before filing, because they are not ignorant of the requirements of Chancery practice. In fact, they are experienced and able practitioners in this court, which fact makes their mistake less excusable.
By this proceeding the petitioner is attempting to obtain a construction of the will of Ernest Levy, deceased, and instructions to the trustees, as well as to have its account "judicially settled" and obtain allowances for commissions and counsel fees. The application for a construction of the decedent's will and instructions to the trustee should have been by bill, and there is no reason assigned for an accounting in this court rather than in the Monmouth County Orphans Court.
The petition recites two previous applications to this court. One on April 6th, 1935, by "Petitioners, as complainants," *Page 580 
by a bill for the construction of said will, but the title of that cause is not mentioned in the petition. An examination of the files of the office of the clerk in Chancery discloses that the title of this cause is "Tillie Marsailles Levy, et als., v. James M. Prendergast, et als." (Docket 108, page 281). A final decree was advised therein by Advisory Master Backes on December 31st, 1935. The second application was by petition in the cause verified December 20th, 1937, but filed February 1st, 1938, in which petitioners sought instructions as to the duties of the trustees under said final decree. This petition was dismissed by order advised by me on February 17th, 1938; but the present petition erroneously recites that it was dismissed "on the advice of Hon. William J. Backes, A.M.," and was "verified the 14th day of July, 1937." And there are other misstatements of fact in the present petition.
If it was intended that the present petition should be considered as supplemental or incidental to the original suit on the bill of complaint (Docket 108, page 281), then it is improperly entitled and it should be redrafted and entitled in the original cause. In redrafting the petition care should be taken to correct the misstatements of fact contained therein, and it should be specific as to the relief sought thereby.
As already suggested, the present "Petition" and "Trustees Account" do not indicate any special reason why this court should assume jurisdiction of the accounting procedure. While it is true that this court has concurrent jurisdiction with the Orphans Court in matters pertaining to the administration and settlement of decedents' estates (Van Mater v. Sickler, 9 N.J. Eq. 483;Frey v. Demarest, 16 N.J. Eq. 236; Search's Administrator v.Search's Administrators, 27 N.J. Eq. 137; Landis v. VinelandHistorical, c., Society, 96 N.J. Eq. 246), such jurisdiction will be assumed only where the remedy afforded by the Orphans Court is defective or insufficient. Vaiden v. Edson, 85 N.J. Eq. 184.
Or where a party seeks relief on grounds peculiarly of Chancery jurisdiction, in which case the Court of Chancery has paramount control. Van Mater v. Sickler, supra; King v.Ex'rs of Berry, 3 N.J. Eq. 44. And see Youmans v. Youmans,26 N.J. Eq. 149. *Page 581 
In the instant case this court must decline to assume jurisdiction over the "Trustees Account" unless and until good cause is shown for equitable interference.
If desired, leave will be given to amend the petition to conform to the proper practice and procedure in this court, and for the withdrawal of the "Trustees Account."